BUCZKOWSKI *v.* BUCZKOWSKI.

1. Judgment—Jurisdiction—Appeal and Error—Collateral Attack.

An erroneous exercise of undoubted jurisdiction is subject only to direct attack by appeal but an adjudication by a court without jurisdiction to adjudicate is a nullity and subject to both direct and collateral attack.

2. Appeal and Error—Husband and Wife—Separate Maintenance —Questions Reviewable—Property Settlement—Consent Decree.

Whether or not trial court committed error in suit for separate maintenance in providing a "property settlement" as to entireties property, the principal asset remaining of their 42-year marriage, and whether or not the decree was a consent decree by reason of counsel's approval as to form and content are not decided on appeal from husband's petition, filed about 4 years later by different attorneys, and after wife had paid husband a substantial sum of money and died, the husband being guilty of laches (CL 1948, §§ 552.301, 552.302).

3. Husband and Wife—Separate Maintenance—Property Settlement—Laches.

Husband was guilty of laches precluding relief to him by his petition to vacate property settlement provision of a decree of sep-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Appeal and Error § 10.
[2] 3 Am Jur, Appeal and Error § 417.
[2, 3] 17 Am Jur, Divorce and Separation § 536.

arate maintenance, where such provision related to entireties property, he accepted money pursuant to the terms of the decree entered, claimed no appeal from the decree and he had waited almost 4 years from the entry of the decree and more than 2 years after the death of his wife to assert the defects claimed (CL 1948, §§ 552.301, 552.302).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted January 14, 1958. (Docket No. 49, Calendar No. 47,263.) Decided March 4, 1958. Rehearing denied April 14, 1958.

Bill by Eleanor Buczkowski against Anthony Buczkowski for separate maintenance. Decree for plaintiff. Petition by defendant, after death of plaintiff, to vacate decree or, in alternative, to set aside property settlement provisions. Petition denied. Defendant appeals. Affirmed.

*Delmar L. Cleland* (*Benedict & DePuy*, of counsel), for plaintiff.

*Cohen & Cohen*, for defendant.

SMITH, J. This case involves a bill for separate maintenance. The portion of the decree attacked awarded to the complaining wife all of the husband's interests in their entireties property.

The facts are stipulated. We quote from the stipulation:

"The parties hereto were married on June 8, 1909, and lived together until approximately August 31, 1951. A bill of complaint was filed by the plaintiff and appellee on September 4, 1951, in which she prayed for separate maintenance specifically under the terms and provisions of PA 1889, No 243, being CL 1948, §§ 552.301, 552.302 (Stat Ann 1957 Rev §§ 25.211, 25.212).

"The plaintiff and appellee stated therein in her prayer for relief, that said bill of complaint was filed

for the purpose of securing the separate maintenance and support of the plaintiff and appellee and to cause to be assigned, allowed and set apart and decreed to her as alimony the use of such part of defendant's and appellant's real and personal estate, all earnings, income or revenue as may be necessary for her personal maintenance and support.

"During the 42 years the parties had been married, up to the filing of the bill of complaint, 10 children were born of said parties and their principal asset was a farm with a dwelling house thereon and a portion of another dwelling house, described as:

"The northwest 1/4 of the northeast 1/4 of section 31, T 5 N, R 16 E, containing 40 acres more or less and the west 1/2 of the north 1/2 of the south 1/2 of the northeast 1/4 of section 31, T 5 N, R 16 E, containing 20 acres more or less, in the township of St. Clair, county of St. Clair, and State of Michigan.

"The bill of complaint was heard and the case tried before the Honorable Shirley Stewart in the circuit court for the county of St. Clair, in chancery, and as a result therein, a decree entitled 'Decree from Bed and Board' was entered on April 21, 1952.

"The only relief prayed for by the plaintiff and appellee was separate maintenance.

"As a matter of fact, said decree was erroneously entitled and should in fact read 'Decree for Separate Maintenance.' That under the heading of 'Property Settlement' said decree stated as follows:

" 'It is further ordered, adjudged and decreed that the plaintiff and cross defendant shall pay to the defendant and cross plaintiff within 60 days from the date hereof the sum of $500 via her attorney of record, and that the plaintiff and cross defendant shall further pay to the defendant and cross plaintiff within 3 years of the date hereof the additional sum of $1,500 in regular monthly instalments, which payments shall be made at the office of the clerk of this court, which money so received shall be credited to and paid to the said defendant and cross plaintiff and that to secure the payments of said amounts, the

defendant and cross plaintiff shall have a lien against that certain premise described as:

" 'The northwest 1/4 of the northeast 1/4 of section 31, T 5 N, R 16 E, containing 40 acres more or less and the west 1/2 of the north 1/2 of the south 1/2 of the northeast 1/4 of section 31, T 5 N, R 16 E, containing 20 acres more or less, in the township of St. Clair, county of St. Clair and State of Michigan.

' " 'It is further ordered, adjudged and decreed that all of the defendant's and cross plaintiff's interest in those certain premises situated in the township of St. Clair, county of St. Clair and State of Michigan, to-wit:

"The northwest 1/4 of the northeast 1/4 of section 31, T 5 N, R 16 E, containing 40 acres more or less and the west 1/2 of the north 1/2 of the south 1/2 of the northeast 1/4 of section 31, T 5 N, R 16 E, containing 20 acres more or less, in the township of St. Clair, county of St. Clair, and State of Michigan, be and the same is hereby determined and the said defendant and cross plaintiff shall, as of the date hereof, vest all of his title and interest in and to said property to Eleanor Buczkowski, the plaintiff and cross defendant herein, and that the defendant and cross plaintiff shall likewise be divested as of the date hereof and he shall no longer have any interest in said premises, except as in respect to that certain lien herein created regarding the securities for the moneys herein ordered to be paid him.

"It is further ordered, adjudged and decreed that upon receipt of the full $2,000, the said defendant and cross plaintiff, Anthony Buczkowski, shall give to the said plaintiff and cross defendant, Eleanor Buczkowski, a good and sufficient quitclaim deed of his interest in the above-described property; that in the event of his failure so to do, then the said plaintiff and cross defendant shall be permitted to record this decree in the office of the register of deeds for the county of St. Clair and State of Michigan, along with her evidence of the said $2,000, and the same shall stand thereupon as and for such conveyance by

the said defendant and cross plaintiff to the said plaintiff and cross defendant."

(Subsequent to the entry of the decree, plaintiff wife died. Thereafter, and on February 24, 1956, attorneys substituted for original counsel took the steps next described in the stipulation.)

"A motion was subsequently made by defendant's and appellant's present attorneys to vacate said decree or in the alternative to vacate said portion of said decree entitled 'Property Settlement' on the grounds that the court had no jurisdiction in such an action to divest ownership, title and interest in real estate which the court attempted to do in said property settlement. An order was entered denying defendant's and appellant's motion on February 27, 1956.

"Under the terms of said decree, plaintiff and appellee paid approximately $900 to the clerk of the circuit court for the county of St. Clair, and that said amount has been and is being tendered to plaintiff and appellee and her estate by defendant and appellant."

Appellant relies upon the proposition that, "In the statutory proceedings for separate maintenance, courts do not award the wife title to any of the husband's property," *Mackie* v. *Mackie,* 329 Mich 595, 600, and points to the decree entered as having done just that. To this, appellee makes several replies. It is argued, in the first place, that this was a consent decree, pointing to the words:

> "OK as to form & contents
> "ALBERT E. TAYLOR
>          · "Atty. for the Def. & Cross Pl."

These words, in the handwriting of Mr. Taylor, are found on the last page of the decree; second, that this decree did not concern itself with the "husband's real and personal estate" but with entireties property;

third, that defendant is estopped from maintaining the present action on the ground, quoting from *Wurzer* v. *Geraldine,* 268 Mich 286, 301, that "The procedure provided was agreed upon, assented to and the parties are bound thereby," and, finally, that appellant is guilty of laches in now moving to vacate the decree "when said motion is made nearly 4 years after entry of decree and after death of original plaintiff."

To all of this, appellant's brief makes one answer and one only, namely, that the court was without jurisdiction to enter the decree. Presumably, under appellant's theory, the decree is simply a nullity. We are cited to no authority to support this contention and it is manifestly in error. The court had jurisdiction of the parties and it had jurisdiction of the subject matter of the suit, that is, support and maintenance. Having such jurisdiction it also had jurisdiction to make an error if, indeed, it did. The point was expressed with clarity in an opinion involving a separate maintenance action in the Missouri courts, *LaPresto* v. *LaPresto* (Mo), 285 SW2d 568. Here it was argued that the judgment entered for support and maintenance in gross was "void" because, among other reasons, the applicable statute and case authority did not, upon the facts before the court, warrant the award made. The court (quoting from an earlier opinion) held, in part, as follows (p 571):

" 'The failure to distinguish between "the erroneous exercise of jurisdiction" and "the want of jurisdiction" is a fruitful source of confusion and errancy of decision. In the first case the errors of the trial court can only be corrected by appeal or writ of error. In the last case its judgments are void, and may be assailed by indirect as well as direct attack. * * * The judgment of a court of general jurisdiction, with

the parties before it, and with power to grant or refuse relief in the case presented, though (the judgment is) contrary to law as expressed in the decisions of the supreme court or the terms of a statute, is at most only an erroneous exercise of jurisdiction, and as such is impregnable to an assault in a collateral proceeding.' "

The loose practice has grown up, even in some opinions, of saying that a court had no "jurisdiction" to take certain legal action when what is actually meant is that the court had no legal "right" to take the action, that it was in error. If the loose meaning were correct it would reduce the doctrine of *res judicata* to a shambles and provoke endless litigation, since any decree or judgment of an erring tribunal would be a mere nullity. It must constantly be borne in mind, as we have pointed out in *Jackson City Bank & Trust Co.* v. *Fredrick*, 271 Mich 538, 544, that:

"There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases."

Assuming, however, but without deciding (in view of the entireties question) that the court's decree was erroneous, and assuming also, without deciding, that counsel's approval as to form and content did not render the decree,* technically speaking, a "consent" decree, the question remains whether we should affirm the trial chancellor's refusal to vacate the "Property Settlement" portion of the decree. Here it is clear from the facts that the defendant husband claimed no appeal from the decree entered and ac-

---

* Holding that it does not, see *Bank of Gauley* v. *Osenton*, 92 W Va 1 (114 SE 435). There are cases contra.

cepted moneys under the settlement made. In addition he has chosen to wait almost 4 years from the entry of the decree (over 2 years, in fact, from the death of his wife) to assert the defects now claimed. We are of the opinion that he has been guilty of such laches as to deny him relief. *McKenzie* v. *McKenzie,* 349 Mich 18.

Decree affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.