IN THE MATTER OF JAMES R DUPRAS, JR, AND CHERYL
DUPRAS

Docket No. 69566. Submitted October 4, 1983, at Marquette.—Decided
December 11, 1984.

The Marquette County Department of Social Services filed a
petition in the Marquette Probate Court alleging the neglect of
James R. Dupras, Jr., and Cheryl Dupras and seeking termina-
tion of the parental rights of their father, James R. Dupras, Sr.
The court, Michael J. Anderegg, J., issued an order terminating
Mr. Dupras's parental rights. He appealed. *Held:*

1. The Court of Appeals does not have jurisdiction to hear
Mr. Dupras's contention that the probate court erred by assum-
ing jurisdiction over the children at the adjudicative phase
based only on general admissions by Mr. and Mrs. Dupras to
the allegation in the petition where the admissions were imme-
diately contradicted by the sworn testimony of Mrs. Dupras. A
challenge of a probate court's action in assuming jurisdiction
over the children involved based on the sufficiency of the
evidence presented during the adjudicative stage of a proceed-
ing to terminate parental rights constitutes a challenge to the
probate court's exercise of jurisdiction and is reviewable by the
Court of Appeals only on direct appeal. Mr. Durpas's appeal of
this issue is brought collaterally.

2. The probate court's factual findings of long-term alcohol
abuse by both Mr. and Mrs. Dupras and the deleterious effect
such periodic abuse had upon the children are not clearly
erroneous and are, in fact, amply supported by the record. The
probate court did not err in terminating Mr. Dupras's parental
rights.

Affirmed.

1. Courts — Probate Courts — Termination of Parental Rights
— Appeal.

A challenge to the sufficiency of the evidence introduced during

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 875.
  59 Am Jur 2d, Parent and Child § 41.
[2] 5 Am Jur 2d, Appeal and Error § 839.

the adjudicative stage of a probate court proceeding to terminate parental rights constitutes a challenge to the probate court's exercise of jurisdiction and is reviewable in the Court of Appeals only by direct appeal.

2. APPEAL — PROBATE COURT — STANDARD OF REVIEW.

The appropriate standard of review for the findings of fact in probate court cases is whether the findings are clearly erroneous (MCL 600.866[3]; MSA 27A.866[3]; GCR 1963, 517.1).

*Gary L. Walker,* Prosecuting Attorney, and *David A. Payant,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Theodore F. Fulsher,* for respondent.

*Seitz, Osstyn, Bays & Ferns* (by *Donald W. Bays),* Guardian Ad Litem for James R. Dupras, Jr., and Cheryl Durpas, minors.

Before: R. M. MAHER, P.J., and J. H. GILLIS and GRIBBS, JJ.

PER CURIAM. Respondent appeals as of right from the probate court's opinion and order terminating his parental rights in James Dupras, Jr., and Cheryl Dupras. On appeal, respondent challenges both the court's initial assumption of jurisdiction over the children at the adjudicative stage of the proceedings and the final decision to terminate parental rights. After carefully reviewing the lower court records and the briefs filed by respondent, petitioner, and the guardian ad litem, we conclude that the probate court's order should be affirmed.

Respondent first alleges that the probate court erred by assuming jurisdiction over the children at the adjudicative phase based only upon the general admissions to the allegations in the petition by respondent and his wife (Mrs. Isola Dupras, the children's step-mother) which were immediately

contradicted by the sworn testimony of Mrs. Dupras. Respondent argues that such "admissions" can not consitute "a valid plea in confession" within the meaning of JCR 1969, 8.3(a) and that, therefore, the court assumed jurisdiction without any evidentiary basis. We do not reach this issue, however, because we find that this Court does not have jurisdiction in this appeal to review the evidence (or lack of evidence) introduced by petitioner during the adjudicative stage to determine whether or not sufficient facts were alleged to allow jurisdiction to attach in the probate court.

In *In the Matter of Kathren Adrianson and Purcell Adrianson,* 105 Mich App 300; 306 NW2d 487 (1981), a panel of this Court examined the various stages of a probate court proceeding to terminate parental rights and concluded that the Court of Appeals has jurisdiction in any appeal to review the adequacy of the allegations in the original petition submitted to the probate court. The *Adrianson* Court concluded that the issue of the legal adequacy of the allegations in the petition went to the probate court's complete lack of jurisdiction and that, therefore, the probate court's determination to take jurisdiction based on inadequate allegations was void *ab initio.* Such an issue could therefore be raised in either a direct or collateral appeal. However, a challenge to the sufficiency of the evidence introduced during the adjudicative stage constituted a challenge to the probate court's exercise of jurisdiction and could therefore only be challenged in a direct appeal.

In this case, respondent does not contend that the allegations in the petition are inadequate. Instead, he argues that the evidence introduced in the adjudicative stage was insufficient. The argument thus falls within the second category discussed in *Adrianson* and is only reviewable by this

Court in a direct appeal. Respondent, however, did not challenge the probate court's December 10, 1979, determination to assume jurisdiction over the children until November 30, 1982, and then did so only in a motion to withdraw his consent to jurisdiction on the ground that he had been unable to make a knowing and intelligent consent to jurisdiction because of alcohol problems and the lack of advice of counsel. This motion did not address the question of the sufficiency of the evidence. That issue was raised for the first time on appeal to this Court, even though MCL 600.861; MSA 27A.861 and MCL 600.863; MSA 27A.863 permitted direct appeals to the circuit court from any order of the probate court at the time of the December 10, 1979, order. The appeal of this issue is thus collateral and this Court is without jurisdiction to hear it.

Respondent also claims that the probate court erred by concluding that clear and convincing evidence supported the termination of his parental rights. We disagree. The court's factual findings of long-term alcohol abuse by both respondent and Mrs. Dupras and the deleterious effect this periodic abuse had upon the children are not clearly erroneous[1] and, in fact, are amply supported by the record. Although this abuse was more strongly shown as to Mrs. Dupras, the evidence clearly established that respondent was aware of his wife's alcohol problem but did not attempt to remedy the resulting neglect of the children. In fact, respondent conceded that, despite his knowledge of the problem, Mrs. Dupras remained the

---

[1] We agree with the Court in *In the Matter of Jones,* 137 Mich App 152; 357 NW2d 840 (1984), that the appropriate standard of review for the findings of fact in probate court cases is "clearly erroneous" rather than *"de novo".* MCL 600.866(3); MSA 27A.866(3); GCR 1963, 517.1.

"primary care-giver". The record establishes repeated but unsuccessful attempts by Mrs. Dupras to end her alcohol abuse; during the infrequent periods without alcohol, her care for the children improved greatly but immediately fell off again when she again began to drink. The record also establishes that respondent and Mrs. Dupras were unable to meet the children's needs for good hygiene, educational support, discipline, and, above all, a stable home environment when Mrs. Dupras drank. The four-year history of neglect recited in the record supports the probate court's decision to terminate parental rights.

Affirmed.