## In re FERRIS

Docket No. 84900. Submitted February 13, 1986, at Lansing. Decided
May 19, 1986. Leave to appeal denied, 426 Mich 856.

Catholic Social Services filed a petition in the Ingham Probate
Court alleging Dean Edward Ferris, a minor child of Kevin
Ferris and Tammy Kyes, to be a neglected child. The court took
jurisdiction of the child in an order dated September 9, 1983,
following a jury trial. No appeal from that order was taken.
The court, Donald S. Owens, J., later terminated the rights of
the parents in the minor child. Kevin Ferris appealed. *Held:*

1. A probate court's assumption of jurisdiction over a minor
following an adjudicative hearing is subject to collateral attack.
If an error at the adjudicative hearing results in the probate
court's assuming jurisdiction when it ought not have, that error
may be attacked in a collateral proceeding. However, in such a
proceeding, the error must have been of such magnitude that,
but for the error, there would have been an insufficient basis
for the court to assume jurisdiction. If the error did not deprive
the court of jurisdiction, it may not be collaterally attacked
since only the assumption of subject matter jurisdiction is
subject to collateral attack.

2. The error complained of was the admission of certain
evidence. Even without the complained-of evidence, there was
sufficient evidence to support the probate court's assumption of
jurisdiction.

Affirmed.

J. C. TIMMS, J., concurred. He noted that for a probate court
to acquire jurisdiction in a matter of neglected children (1) the
proper parties must be before the court, (2) the petition must
state facts that are cognizable by the court, and (3) there must
be sufficient proofs to support the petition. Without this third
additional element, the probate court lacks jurisdiction, and

REFERENCES

Am Jur 2d, Courts §§ 32, 47, 104.

Am Jur 2d, Judgments §§ 47, 623, 681.

See the annotations in the ALR3d/4th Quick Index under Appeal
and Error.

any orders resulting therefrom are void. He wrote separately to urge the Supreme Court to reconsider the issue.

INFANTS — PROBATE COURTS — JURISDICTION — APPEAL — COLLATERAL ATTACK — COURT RULES.

A probate court's assumption of jurisdiction over a minor following an adjudicative hearing is subject to collateral attack (MCL 712A.2, 712.18[1]; MSA 27.3178[598.2], 27.3178[598.18][1]; MCR 5.908[A]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Robert D. Ebersole,* Chief Appellate Attorney, for the people.

*Norman M. Gaffney, Jr.,* Guardian Ad Litem, for Dean Edward Ferris.

*Robert Browning,* for Kevin Ferris.

Before: R. B. BURNS, P.J., and BRONSON and J. C. TIMMS,* JJ.

R. B. BURNS, P.J. In this case, the probate court entered an order terminating respondents' parental rights in their minor child. Respondent father now appeals. His only issue on appeal concerns an evidentiary ruling during the adjudicative hearing.

The guardian ad litem filed a motion to affirm, which was joined by petitioner, arguing that respondent may not raise issues arising from the adjudicative hearing on appeal of right to this Court following the order of termination. Rather, petitioner and the guardian argue, respondent should have raised such an issue on direct appeal to the circuit court immediately following the adjudicative hearing. MCL 600.863; MSA 27A.863. We denied the motion in order to give this issue full consideration.

* Circuit judge, sitting on the Court of Appeals by assignment.

I

Petitioner's position is supported by this Court's decision in *In the Matter of Adrianson*, 105 Mich App 300; 306 NW2d 487 (1981). The *Adrianson* decision was followed by this Court in the recent case of *In the Matter of Dupras*, 140 Mich App 171; 363 NW2d 26 (1984). If we were convinced that *Adrianson* is correct, we could summarily dispose of this case, concluding that this Court lacks jurisdiction over the issue on appeal. *Dupras, supra,* p 174. However, upon careful review, we conclude that *Adrianson* was incorrectly decided.

Our analysis of this issue begins with *In the Matter of Kurzawa*, 95 Mich App 346; 290 NW2d 431 (1980). In *Kurzawa*, the jurisdiction of the probate court was invoked under the delinquency provisions of MCL 712A.2(a); MSA 27.3178(598.2)(a) rather than under the neglect provisions of MCL 712A.2(b); MSA 27.3178(598.2)(b). Some two years later, a caseworker petitioned the probate court to terminate parental rights in the minor child. That petition, like the previous petitions, did not allege neglect. Parental rights were terminated based upon "emotional neglect." 95 Mich App 353. The Court noted that termination proceedings must be based upon the neglect provisions of § 2(b) rather than the delinquency provisions of § 2(a).

The *Kurzawa* Court then went on to conclude that none of the petitions filed in the probate court invoked the neglect jurisdiction of the court. *Id.,* p 356. The Court then concluded that the probate court erred in assuming jurisdiction and held that the probate orders were void *ab initio. Id.,* p 357.

The *Adrianson* Court rejected the holding in *Kurzawa,* concluding that the *Kurzawa* Court "may have painted with too broad a brush." *Adri-*

*anson, supra,* p 310. Relying on *In re Mathers,* 371 Mich 516, 528-529; 124 NW2d 878 (1963), the *Adrianson* Court concluded that the legal sufficiency of the allegations in a petition may be challenged by either direct or collateral attack. *Adrianson, supra,* p 311. However, the Court then concluded that issues arising from the adjudicative hearing could only be attacked on direct appeal. *Id.*

The *Adrianson* Court drew a distinction between the erroneous exercise of jurisdiction and the lack of jurisdiction. *Adrianson* concluded that the existence of irregularities in the adjudicative hearing constitutes an erroneous exercise of jurisdiction. According to *Adrianson,* only a deficiency in the petition to invoke the probate court's jurisdiction constitutes a lack of jurisdiction. This analysis was followed in *Dupras, supra,* with the Court concluding that error related to the adjudicative hearing cannot be raised in a subsequent appeal to this Court from the termination order.

The distinction between the two concepts, and the difficulties caused by the failure to make the distinction, was discussed by our Supreme Court in *Buczkowski v Buczkowski,* 351 Mich 216, 221-222; 88 NW2d 416 (1958):

> " 'The failure to distinguish between "the erroneous exercise of jurisdiction" and "the want of jurisdiction" is a fruitful source of confusion and errancy of decision. In the first case the errors of the trial court can only be corrected by appeal or writ of error. In the last case its judgments are void, and may be assailed by indirect as well as direct attack. . . . The judgment of a court of general jurisdiction, with the parties before it, and with power to grant or refuse relief in the case presented, though (the judgment is) contrary to law as expressed in the decisions of the supreme

court or the terms of a statute, is at most only an erroneous exercise of jurisdiction, and as such, is impregnable to an assault in a collateral proceeding.' " [Quoting *LaPresto v LaPresto,* 285 SW2d 568, 571 (Mo, 1955), which quoted an earlier opinion.]

The loose practice has grown up, even in some opinions, of saying that a court had no "jurisdiction" to take certain legal action when what is actually meant is that the court had no legal "right" to take the action, that it was in error. If the loose meaning were correct it would reduce the doctrine of *res judicata* to a shambles and provoke endless litigation, since any decree or judgment of an erring tribunal would be a mere nullity. It must constantly be borne in mind, as we have pointed out in *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 544 [260 NW 908 (1935)], that:

"There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases."

In *Buczkowski,* the plaintiff sued for separate maintenance. The trial court entered a "Decree from Bed and Board" (i.e., separate maintenance), which contained a provision for a property settlement. The defendant subsequently brought a collateral attack on the decree, arguing that property settlements may not be entered in separate maintenance actions. The Court found that the trial court had subject matter jurisdiction (i.e., jurisdiction over separate maintenance actions), though it may have been erroneous to grant a property settlement. However, that would be an erroneous exercise of jurisdiction and, as such, could not be collaterally attacked. *Buczkowski, supra,* pp 222-223.

We now turn to *Fritts v Krugh,* 354 Mich 97; 92 NW2d 604 (1958). In *Fritts,* the Court allowed a collateral attack on a termination order by way of a writ of habeas corpus. The circuit court granted the writ and returned the children to their natural parents. Although the Court concluded that the initial petition sufficiently alleged the jurisdictional facts of neglect and the probate court had subject matter jurisdiction, it concluded that the subsequent factual development deprived the probate court of jurisdiction. Absent evidence of neglect, the probate court lacked jurisdiction to take permanent custody of the children:

> In our instant case, at the time of hearing, the probate judge had before him no evidence of neglect, either of long duration in the past, or from which any reasonable prediction of future neglect of permanent duration could be made. The order taking permanent custody of these children clearly exceeded the statutory authority of the court and was void.
>
> Even where, as here, a court has jurisdiction of the persons and the subject matter, an order affecting personal liberty which clearly exceeds the court's statutory authority may be attacked by habeas corpus.
>
> We hold that the orders entered by the probate judge taking permanent custody of these children were void for want of proof of essential jurisdictional facts of neglect. [*Fritts, supra,* pp 114-115. Citations omitted.]

*Adrianson, supra,* considered *Fritts* and drew a narrow interpretation, relying on *Fritts* only for the proposition that an insufficient petition may be collaterally attacked. *Adrianson, supra,* pp 310-311. However, *Adrianson* appears to look to the dissenting opinions in *Fritts* in its erroneous exer-

cise of jurisdiction analysis.[1] We conclude, however, that *Adrianson* takes an overly narrow reading of the *Fritts* majority.

We note the areas in which we are in agreement with *Adrianson*. We certainly agree with *Adrianson's* holding that the legal sufficiency of the petition itself is always subject to attack, even collaterally. See *Adrianson, supra,* p 311. Furthermore, we believe that *Adrianson's* reading of *Buczkowski, supra,* is correct in that an erroneous exercise of jurisdiction[2] is not subject to a collateral attack. Rather, our disagreement with *Adrianson* and *Dupras* centers around the question of whether the probate court's assumption of jurisdiction following the adjudicative hearing is subject to collateral attack. We conclude that it is.

The juvenile court's jurisdiction over neglected children is provided for by MCL 712A.2; MSA 27.3178(598.2):

> Except as otherwise provided in this section, the juvenile division of the probate court shall have:
>
> *   *   *
>
> (b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county
>
> (1) Whose parent or other person legally responsible for the care and maintenance of such child,

---

[1] *Adrianson* reconciles the *Fritts* dissents with the majority opinion in *Buczkowski, supra. Adrianson, supra,* p 307. *Adrianson* also states that the petitioner's argument that *Fritts* was wrongly decided "is persuasive." *Adrianson, supra,* p 309.

[2] The use of the phrase "erroneous exercise of jurisdiction" in the prior opinions is unfortunate as it undoubtedly adds to the confusion present in this issue. On its face, a reader might be led to believe that the phrase concerns itself with the issue of jurisdiction. However, as the above quoted language from *Buczkowski, supra,* indicates, "erroneous exercise of jurisdiction" does not concern itself exclusively with jurisdiction, but, rather, means "error" of any sort. For example, a trial court's improper refusal to give a required jury instruction would constitute an "erroneous exercise of jurisdiction."

when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical, or other care necessary for his or her health or morals, or who is deprived of emotional well-being, or who is abandoned by his or her parents, guardian, or other custodian, or who is otherwise without proper custody or guardianship.

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, or other custodian, is an unfit place for such child to live in.

The purpose of the adjudicative hearing is stated in MCR 5.908(A):

A juvenile court hearing on the formal calendar consists of an adjudicative phase and a dispositional phase.

(1) Adjudicative Phase.

(a) The adjudicative phase determines whether the child comes within the court's jurisdiction under the juvenile code as alleged in the petition. There is a right to jury trial.

The necessity of evidence of neglect was also noted by *Fritts, supra,* p 113:

There must, therefore, be some testimony of neglect before the probate court has the power to take jurisdiction of the child and to enter valid order [sic] under the disposition section of the code (CLS 1956, § 712A.18 . . . ).

Finally, if the probate court finds that the minor is not within the provisions of § 2 of the code, the petition must be dismissed:

If the court finds that a child concerning whom a petition has been filed, is not within the provi-

sions of this chapter, the court *shall* enter an order dismissing the petition. [MCL 712A.18(1); MSA 27.3178(598.18)(1). Emphasis added.]

The above provisions lead us to the conclusion that the purpose and essence of the adjudicative hearing is to determine if the juvenile court possesses subject matter jurisdiction. If error at the adjudicative hearing results in the probate court's assuming jurisdiction when it ought not have, that error may always be attacked, even in a collateral proceeding. However, we caution that, in such proceedings, the error must have been of such magnitude that, but for the error, there would have been an insufficient basis for the juvenile court to assume jurisdiction. If the error did not deprive the juvenile court of jurisdiction, it may not be collaterally attacked since only the assumption of subject matter jurisdiction is subject to collateral attack.

II

Finally, we can now consider respondent's claim of error in the case at bar. Respondent claims that the probate court erred in admitting the psychologist's expert opinion based upon respondent's personal history as a victim of child abuse. This appears to present a question of first impression.[3]

Generally, all relevant evidence is admissible. MCR 5.908(C)(1); MRE 402. The determination of relevancy is discretionary and will not be reversed absent a manifest abuse of discretion. *Birou v Thompson-Brown Co,* 67 Mich App 502, 513; 241 NW2d 265 (1976). Finally, we note that the trial

[3] But see *In the Matter of Riffe,* 147 Mich App 658; 382 NW2d 842 (1985), wherein testimony of the history of the parents' own neglect and abuse as children was given. 147 Mich App 667-668. However, the admissibility of the evidence was not at issue in the appeal.

court may require that facts or data essential to an expert's opinion be disclosed. MRE 705.

In this case, Dr. Seagull rendered an opinion on respondent's ability and disposition towards parenting. In part, that opinion was based upon respondent's statements to Dr. Seagull about his personal history. Dr. Seagull testified to the so-called "generational cycle of child abuse" and how that related to her evaluation of respondent. Furthermore, the trial court specifically instructed the jury that it could not find jurisdiction solely on the speculation of future conduct. Rather, the jury was told that it had to find that the minor child was neglected or that the family home was unfit, and not that it might or would be in the future.

We need not determine whether the admission of this evidence was error since a review of the testimony at the adjudicative hearing convinces us that, even if the complained-of evidence had been excluded, the jury would nevertheless have found jurisdiction based upon the weight of the remaining evidence. Thus, even if the admission was error, it did not cause the probate court to improperly assume jurisdiction over the minor child. Accordingly, consistent with our analysis above, relief is not available in this case in a collateral attack on the assumption of jurisdiction.

SUMMARY

Although a direct appeal to the circuit court is available following the assumption of jurisdiction at an adjudicative hearing, we hold that attacks on that assumption of jurisdiction may be raised collaterally in the subsequent appeal to this Court from the dispositional order. However, in the instant case, there was no error in the adjudicative hearing of such magnitude so as to deprive the probate court of jurisdiction.

Affirmed.

Bronson, J., concurred.

J. C. Timms, J. *(concurring).* I reluctantly concur. The majority opinion correctly states the present law and we are bound, by stare decisis, to follow *Fritts v Krugh,* 354 Mich 97; 92 NW2d 604 (1958). However, I believe *Fritts* was wrongly decided and results in bad law. The reasons are eloquently stated in the dissenting opinions of Justice Smith and Justice Black.

In essence what *Fritts* has said is that for a probate court to acquire jurisdiction in a matter of neglected children (1) the proper parties must be before the court, (2) the petition must state facts that are cognizable by the court, and (3) there must be sufficient proofs to support the petition. Without this third additional element, the probate court lacks jurisdiction, and any orders resulting therefrom are void. I can think of no other civil action in which a failure of proofs in support of a complaint will divest a court of jurisdiction when the proper parties are before the court and the subject matter of the complaint is cognizable by that court.

I would urge the Supreme Court to review and reconsider it holding in *Fritts, supra.*