*In re* ALBRING

Docket No. 95817. Submitted April 8, 1987, at Lansing. Decided June 15, 1987.

The Clinton County Department of Social Services petitioned the Clinton County Probate Court to exercise jurisdiction over Elizabeth and Donald Albring, the minor children of Rodney L. Albring and Mary Lou Haack. Following the preliminary inquiry, the children were placed in custody outside the home. Mary Lou Haack voluntarily relinquished her parental rights in the children. Following the dispositional phase of the proceedings, the court, Marvin E. Robertson, J., terminated the parental rights of Rodney Albring in the children. Rodney Albring appealed.

The Court of Appeals *held:*

1. The court filed an order as required following the preliminary hearing authorizing the Department of Social Services to file its complaint, contrary to Rodney Albring's contention.

2. The court sent the required notification of the pendency of the proceedings to the Clinton Circuit Court, contrary to Rodney Albring's contention.

3. The court did not fail to obtain jurisdiction by ordering the children placed in foster care following the preliminary inquiry without determining probable cause. That requirement is procedural, not jurisdictional. Also, the probate court may order a child placed in foster care following a preliminary hearing where necessary to the health and welfare of the child and pending the scheduling of the adjudicative hearing within forty-two days of the preliminary hearing. That was the procedure followed.

4. The court did not err in admitting the testimony of an expert witness at the dispositional hearing.

Affirmed.

REFERENCES

Am Jur 2d, Courts § 104.
Am Jur 2d, Infants §§ 22, 28 *et seq.*; 55.
Am Jur 2d, Parent and Child §§ 34-36.
Validity and application of statute allowing endangered child to be temporarily removed from parental custody. 38 ALR4th 756.

1. Infants — Probate Courts — Neglect — Jurisdiction — Court Rules.

  The requirement in the court rules that the probate judge or referee following the filing of a neglect petition and the preliminary hearing determine that there is probable cause to place the child in foster care pending the adjudicative hearing is not a jurisdictional requirement but a rule of practice (MCR 5.904[B][2][g]).

2. Infants — Foster Care — Court Rules.

  The court rules do not require an evidentiary hearing at the preliminary inquiry in a neglect proceeding before the probate court may order a child to be placed in foster care where necessary to the health and welfare of the child and pending the scheduling of the adjudicative hearing, which must take place within forty-two days of the preliminary hearing.

*Jon Newman,* Prosecuting Attorney, and *Mary C. Pino,* Assistant Prosecuting Attorney, for petitioner Clinton County Department of Social Services.

*Law Offices of Gerald M. Stevens* (by *Gerald M. Stevens*), for respondent Rodney L. Albring.

Before: M. J. Kelly, P.J., and Hood and E. F. Oppliger,* JJ.

Per Curiam. Respondent Rodney Albring appeals as of right from an order terminating his parental rights in Donald Ray Albring, born January 9, 1981, and Elizabeth Mae Albring, born January 11, 1979. The children's mother, Mary Lou Haack, voluntarily released her parental rights to these children in open court on March 6, 1986, and is not a party to this appeal. Respondent's rights were involuntarily terminated by the court under MCL 712A.19a(d) and (e); MSA 27.3178(598.19a)(d) and (e). We affirm.

The evidence produced at the dispositional phase

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of these proceedings amply supported the probate court's finding that the minor children were subjected to repeated and intentional acts of physical abuse and torture. On May 19, 1986, both respondent and his wife pled guilty as charged to two counts of child cruelty, MCL 750.136; MSA 28.331, for which both received one year jail sentences.

On appeal, respondent does not challenge the weight or sufficiency of the evidence produced at the dispositional hearing nor does respondent challenge the adequacy of the probate court's findings of fact regarding respondent's neglect and abuse of his children. Rather, respondent alleges on appeal that the probate court never properly obtained jurisdiction as a result of certain procedural defects which occurred prior to the dispositional phase.[1] We do not agree.

The Albring children were taken to the Clinton Memorial Hospital on January 28, 1986, after a DSS worker visited the Albring home in response to a report of abuse and discovered that the children were marred with bruises, cuts and burns. After a physical examination of each child, the hospital physician concluded that both children had been seriously abused and determined that the release of the children to their father and stepmother

---

[1] A respondent may always collaterally attack the probate court's assumption of jurisdiction in a neglect proceeding based on the legal insufficiency of the petition. *In re Youmans,* 156 Mich App 679, 684; 401 NW2d 905 (1986). There is a conflict in this Court over whether a respondent may also collaterally attack the sufficiency of the evidence introduced at the adjudicative hearing. Contrast *In re Adrianson,* 105 Mich App 300; 306 NW2d 487 (1981), and *In re Dupras,* 140 Mich App 171; 363 NW2d 26 (1984), with *In re Ferris,* 151 Mich App 736; 391 NW2d 468 (1986). We need not address this conflict since respondent challenges neither the sufficiency of the petition nor the sufficiency of the evidence produced at the adjudicative hearing. Rather, respondent's challenge to the probate court's jurisdiction relates entirely to procedures that occurred before the court actually assumed jurisdiction, i.e., before the adjudicative hearing. There is no doubt that both the petition and evidence in this case are sufficient to support the probate court's assumption of jurisdiction.

would endanger their welfare. Both children were admitted to the hospital under the authority of § 6 of the Child Protection Law, MCL 722.621 *et seq.;* MSA 25.248(1) *et seq.* As required by that statute and by MCL 712A.14; MSA 27.3178(598.14), a preliminary examination was conducted on January 30, 1986, within forty-eight hours after the children had been removed from the custody of their father. MCR 5.904(B)(1). At the conclusion of that hearing, the probate court entered an order specifically authorizing the filing of a complaint as to these children. As provided in MCL 712A.14; MSA 27.3178(598.14), the probate court also directed that the children be detained in the hospital until medically fit for release, after which they were to be placed in a licensed foster home. An adjudicative hearing was scheduled within forty-two days as required under MCR 5.908(A)(1)(b).

At the adjudicative hearing conducted on March 6, 1986, respondent pled no contest to certain jurisdictional facts alleged in the petition. Respondent further admitted that he had used a belt on his son and daughter and that it was possible that the amount of force used could have caused the bruising. Respondent waived his right to a jury trial as well. The probate court concluded based on the facts contained in the petition as well as respondent's admissions at the hearing that the court had jurisdiction in the matter. On July 1, 1986, the Clinton County Department of Social Services petitioned for termination of parental rights.

Three of respondent's four issues pertain to the events that occurred at or immediately after the preliminary hearing. Respondent first alleges that the probate court never obtained jurisdiction over the children because it failed to authorize a complaint at the close of the preliminary hearing.

Both MCL 712A.11; MSA 27.3178(598.11) and MCR 5.904(B)(2)(f) require that the probate court determine after the preliminary hearing whether there are grounds for filing a petition. Contrary to respondent's argument on appeal, the probate court filed an order in this case, entered January 30, 1986, clearly authorizing DSS to file its complaint. The order is contained in the probate court file and respondent's first argument is obviously without merit.

Respondent also argues that the probate court was without jurisdiction to act in this case because it failed to notify the Clinton Circuit Court of the probate court proceeding, as required under MCL 712A.2; MSA 27.3178(598.2). It is undisputed that the circuit court had continuing jurisdiction over custody of these children pursuant to the divorce action between respondent and Mary Lou Haack, the children's mother. MCL 712A.2(b); MSA 27.3178(598.2)(b) provides that, where a petition of neglect is filed in probate court on behalf of children who are already under the jurisdiction of another court, the probate court has the obligation to notify the other court and the prosecuting attorney of that county of the pendency of the neglect petition. Respondent argues that the probate court failed to comply with this statutory requirement and that this error constitutes a jurisdictional defect. Again, respondent's challenge is posited on incorrect facts.

The neglect petition filed in this matter clearly indicates that the children are subject to the continuing jurisdiction of the Clinton Circuit Court as a result of the divorce action. Contained in the probate court file is a notice addressed to the Clinton County Clerk of the Court, Friend of the Court and Prosecuting Attorney for Clinton County, informing them of the filing of the neglect

petition. In *Krajewski v Krajewski,* 420 Mich 729, 734-735; 362 NW2d 230 (1984), the Michigan Supreme Court held that, once the notice requirement is met, the probate court has "unrestricted freedom . . . to carry out its mandate," which includes the entry of orders permanently terminating parental rights. Even if, however, we had concluded that the notice deficiency deprived the probate court of jurisdiction in a matter within the continuing jurisdiction of the circuit court, MCL 712.2(b); MSA 27.3178(598.2)(b) specifically provides that the notice provision does "not apply between June 20, 1984, and July 1, 1986." The instant petition was filed in January of 1986. The probate court was not and could not have been deprived of jurisdiction in this matter on the ground asserted.

Respondent also argues that the probate court never obtained jurisdiction in this matter because it failed to determine at the preliminary hearing that there was probable cause to place the children in foster care pending the adjudicative hearing. In support of this argument, respondent relies on MCR 5.904(B)(2)(g), which provides in relevant part:

At the preliminary hearing the judge or referee shall do the following:

\* \* \*

(g) At the conclusion of the preliminary hearing, decide

(i) whether to authorize a petition to be filed; and

(ii) if a petition is authorized, release the child in the custody of a parent, guardian, or custodian or order detention or placement of the child pending hearing. Detention or placement may be ordered only on a showing of probable cause that the

respondent committed the offense or a waiver of the showing.

We reject respondent's interpretation and argument for two reasons. First, we do not construe MCR 5.904(B)(2)(g) as a jurisdictional requirement. The probate court's jurisdiction over the instant matter is derived solely from the state constitution and relevant statutes. *Krajewski, supra; In re Brown,* 149 Mich App 529, 540; 386 NW2d 577 (1986); MCL 712A.2; MSA 27.3178(598.2). The court rules set out the rules of practice and procedure in the probate court but do not expand or limit its jurisdiction. *Id.* MCR 5.904(B)(2)(g) does not create or limit the jurisdiction of the probate court in a neglect proceeding but, rather, prescribes a rule of practice to be followed where a neglect petition has been filed and the adjudication hearing is pending and the court is required to make some temporary provision for the child's custody.

Second, we do not interpret MCR 5.904(B)(2)(g) as requiring an evidentiary hearing at the preliminary inquiry in a neglect proceeding before the probate court may order a child to be placed in foster care. The purpose of a preliminary hearing is to determine whether further action, such as the assumption of jurisdiction, should be taken with regard to a particular minor. MCL 712A.11; MSA 27.3178(598.11); *In re Kantola,* 139 Mich App 23, 26; 361 NW2d 20 (1984). In *Kantola,* we expressly rejected the argument that placement of a minor child in foster care prior to the adjudicative stage of a neglect proceeding must be based on probable cause established at the preliminary hearing, although we reached this conclusion in interpreting a different subsection of JCR 1969, 4.2(b), now MCR 5.904(B)(2).

As already noted, the Albring children were removed from respondent's custody under MCL 722.626; MSA 25.248(6), which expressly references MCL 712A.14; MSA 27.3178(598.14). MCL 712A.14; MSA 27.3178(598.14) provides, in turn, that, where the probate court authorizes the filing of a complaint at the close of the preliminary hearing, the court "shall also direct the placement of the child, pending investigation and hearing, which placement may be in the home of parents, guardian or custodian, in the boarding care of a licensed child care agency, or any suitable place of detention designated by the court." The Legislature did not require that an evidentiary hearing be conducted prior to such temporary placement outside the parents' custody. In addition, MCR 5.904(B)(1) provides that, after the preliminary hearing, "the child must be released to the proper parent, guardian, or custodian, unless the court finds grounds for detention under MCR 5.903(B)." Under MCR 5.903(B), a child may be detained prior to an adjudicative hearing where that child's "home conditions make immediate removal necessary."

Our reading of the relevant statutes and court rules in their entirety convinces us that the probate court has the authority to temporarily place minor children in foster care upon the filing of a neglect petition and before the adjudication hearing without first conducting an evidentiary hearing to determine "probable cause." Such placement may occur in a neglect proceeding only where necessary to the health and welfare of the child and only pending the scheduling of the adjudicative hearing, which must take place within forty-two days of the preliminary hearing. MCR 5.908(A)(1)(b).

Respondent has failed to persuade us that there were procedural irregularities at the commence-

ment of this case which were fatal to the probate court's jurisdiction.

Respondent's final argument regarding the admission of testimony from Dr. John Clarkson at the dispositional hearing is likewise without merit. The probate court qualified the witness as a medical expert and allowed him to testify about child abuse. On the basis of the witness' qualifications as testified to at the hearing, we are not persuaded that the probate court abused its discretion in admitting the evidence. *Eide v Kelsey-Hayes Co,* 154 Mich App 142, 154; 397 NW2d 532 (1986); *People v Draper,* 150 Mich App 481, 487; 389 NW2d 89 (1986).

Affirmed.