*In re* EMMONS

Docket No. 95903. Submitted October 14, 1987, at Detroit. Decided January 19, 1988. Leave to appeal applied for.

The Tuscola County Probate Court, W. Wallace Kent, Jr., J., terminated the parental rights of Richard Emmons, Sr., to all four of his minor children upon a petition filed by the Department of Social Services. The probate court found that respondent had sexually molested one child as alleged in the petition and that there was a pattern indicating sexual molestation of the other three children. Respondent appealed.

The Court of Appeals *held:*

1. A probate court's assumption of jurisdiction over a minor child can be collaterally attacked. It need not first be the subject of a direct appeal to the circuit court.

2. The probate court did not err in admitting evidence of respondent's prior conviction of second-degree criminal sexual conduct involving one of his children and the sentence he received on that plea-based conviction. The admission of that evidence was not in violation of defendant's privilege against self-incrimination and evidence of a parent's sexual assault of his children is relevant, competent, and material in termination of parental rights proceedings.

Affirmed.

1. INFANTS — PROBATE COURT — JURISDICTION — APPEAL — COLLATERAL ATTACK.

A probate court's assumption of jurisdiction over a minor child following an adjudicative hearing is subject to collateral attack.

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — SEXUAL ASSAULT.

A parent's sexual assault of his children is relevant, competent, and material evidence in proceedings to terminate the parent's parental rights.

REFERENCES

Am Jur 2d, Parent and Child §§ 7, 14, 35.

Sexual abuse of child by parent as ground for termination of parent's right to child. 58 ALR3d 1074.

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVI-
    DENCE.
    How a parent treats one child is probative of how the parent may
    treat other children.

*William D. Bond,* Prosecuting Attorney, and *Jo Ellen O'Connor,* Chief Assistant Prosecutor, for petitioner.

*Brian R. Schrope,* for respondent.

Before: WAHLS, P.J., and SAWYER and C. W. SIMON,* JJ.

SAWYER, J. Respondent father appeals by leave granted from the order of the probate court which terminated his parental rights to four of his children, all minors. We affirm.

The juvenile court's involvement with the children began in April of 1979 when a petition was filed by petitioner which alleged that respondent had had sexual contact with three of his children. Respondent pled no contest to the allegation and the children were made temporary wards of the court. Ultimately, the court entered a dispositional order placing the children in the custody of their mother, Josephine Emmons (now Rivard); respondent and his wife were subsequently divorced. In 1981, the minor children were discharged as wards of the court.

In February of 1986, the instant petition was filed which alleged that respondent had sexually molested one of his children and that the remaining minor children suffered from emotional deprivation. The oldest child was not included in this petition since she had reached the age of majority by the time the petition had been filed.

At the adjudicative hearing, respondent testified

* Circuit judge, sitting on the Court of Appeals by assignment.

that he had previously pled guilty to second-degree criminal sexual conduct arising from a November, 1985, incident involving one of his children. Respondent did not make any specific statements concerning the molestation of that child as he invoked his Fifth Amendment rights pursuant to advice of counsel. Respondent was sentenced on the CSC conviction to serve forty months to fifteen years in prison. A copy of the judgment of sentence, along with the information charging respondent with first-, second-, and third-degree criminal sexual conduct, was admitted into evidence without objection. Based upon the testamentary and documentary evidence, the juvenile court judge found that respondent had sexually molested the child as alleged in the petition and that there was a pattern of conduct by respondent of sexually molesting the other children and that that pattern sufficiently established that respondent had sexually abused and emotionally deprived the entire family. Following a dispositional hearing in July of 1986, the trial court terminated respondent's parental rights to all four of the minor children. The parental rights of respondent mother were not terminated and the children were placed in her custody. Accordingly, she is not involved in this appeal.

Respondent's sole issue on appeal is that the probate court improperly assumed jurisdiction over the minor children. We disagree.

We begin our review of this case by considering a conflict in this Court over the propriety of reviewing a question arising from an adjudicative hearing in an appeal to this Court. This Court in the cases of *In re Adrianson,* 105 Mich App 300; 306 NW2d 487 (1981), and *In re Dupras,* 140 Mich App 171; 363 NW2d 26 (1984), held that, other than challenges to the petition itself, issues arising

from the adjudicative hearing could only be appealed by way of direct appeal to the circuit court immediately following the adjudicative hearing. See MCL 600.863; MSA 27A.863. In the case of *In re Ferris,* 151 Mich App 736; 391 NW2d 468 (1986), a panel of this Court concluded that, since questions arising from the adjudicative hearing involve subject-matter jurisdiction, such issues may always be raised, even on collateral attack. Accordingly, the *Ferris* Court concluded that issues arising from the adjudicative hearing could be raised in an appeal to the Court of Appeals. We believe that the *Ferris* decision presents the better reasoned view.[1]

Accordingly, we must inquire whether or not any error alleged by respondent to have occurred at the adjudicative hearing was "of such magnitude that, but for the error, there would have been an insufficient basis for the juvenile court to assume jurisdiction." *Ferris, supra* at 744. We conclude that no such error occurred. Respondent argues that his admission to pleading guilty to second-degree criminal sexual conduct, as well as his sentence on that charge, was not properly admissible since his right against self-incrimination would be violated by such admission. We disagree. By admitting his plea of guilty and the sentence he received, respondent was not incriminating himself. Rather, he was merely reciting a nonincriminating factual event, namely his conviction and sentence for a crime. Moreover, the same evidence was provided to the probate court by

[1] I acknowledge that in a previous case, I joined with the majority in an unpublished opinion per curiam which followed *Dupras* and *Adrianson.* See *In re Shong,* decided May 26, 1987 (Docket No. 93225). However, upon further review of the issue I am now of the opinion that *Ferris* represents the correct view of the issue and I no longer subscribe to the position taken in *Shong* with regard to the *Adrianson-Dupras* versus *Ferris* conflict.

introduction of the judgment of sentence on the crime.

Respondent argues that the evidence of his prior conviction could not properly be considered by the probate court. We disagree. A parent's sexual assault of his children is relevant, competent, and material evidence in a termination proceeding. See *In re Sprite,* 155 Mich App 531; 400 NW2d 320 (1986). Accordingly, we believe that the probate court properly considered defendant's guilty plea and that that guilty plea provided a basis to assume jurisdiction over the children. See also *In re Smeback,* 160 Mich App 122; 408 NW2d 117 (1987) (evidence of how a parent treats one child is probative as to the parent's treatment of other children).

Respondent also objects to the admission into evidence of the certified copies of the information and judgment of sentence. However, there was no objection at trial. Even if the issue is properly preserved, we believe that the certified copies were admissible since, as concluded above, such evidence was relevant, competent, and material.

For the reasons stated above, we conclude that in the adjudicative hearing there was no error of significant magnitude to have deprived the probate court of jurisdiction over the children had any such error not occurred. *Ferris, supra.*

Affirmed.