581 N.W.2d 291 (1998)
229 Mich. App. 310
In re RAMSEY, Minor.
FAMILY INDEPENDENCE AGENCY, Petitioner-Appellant,
v.
Henry PLOVIE, Respondent-Appellee.
Docket No. 204581.
Court of Appeals of Michigan.
Submitted February 10, 1998, at Detroit.
Decided April 14, 1998, at 9:00 a.m.
Released for Publication July 29, 1998.
*292 Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, David G. Gorcyca, Prosecuting Attorney, Richard H. Browne, Chief, Appellate Division, and Anica Letica, Assistant Prosecuting Attorney, for Petitioner-Appellant.
Malita Barrett, Detroit, for Respondent-Appellee.
Before DOCTOROFF, P.J., and REILLY and G.S. ALLEN,[*] JJ.
DOCTOROFF, Presiding Judge.
By order of the Supreme Court, which remanded this case for consideration as on leave granted, petitioner Family Independence Agency appeals the circuit court order affirming the probate court order that dismissed the petition to terminate respondent Henry Plovie's parental rights. We reverse and remand.
Respondent's daughter, Sabrina Ramsey, was born December 8, 1992. On May 10, 1994, Sabrina's mother called the local police and reported that respondent had removed the child from the house without the mother's consent and had left a suicide note. An officer found respondent and the child in the front seat of an automobile with its engine running. All the doors and all but one of the windows of the automobile were closed. Both respondent and the child were unconscious. Respondent reportedly told an investigating officer that he "loved Sabrina to death and that is why he took her out to the car with him."
Respondent was later prosecuted for the attempted murder of Sabrina but was ultimately convicted only of second-degree child abuse. He was sentenced to three to eight years' imprisonment. On June 9, 1995, at the request of the Family Independence Agency, the Oakland County Prosecutor's Office filed a petition for termination of respondent's parental rights, citing M.C.L. § 712A.19b(3)(b)(i), (3)(b)(ii), (3)(g), and (4); M.S.A. § 27.3178(598.19b)(3)(b)(i), (3)(b)(ii), (3)(g), and (4).
As a basis for the court's jurisdiction under M.C.L. § 712A.2(b); M.S.A. § 27.3178(598.2)(b), the petition cited the details of respondent's actions on May 10, 1994, his subsequent prosecution, and his resulting conviction and sentence. A hearing was held on June 9, 1995, before a probate court referee. The referee found that the child "[did] not come under jurisdiction of this Court because she is not in any danger from this particular individual" and dismissed the petition. The referee's decision was affirmed by *293 a judge of the probate court who found that "[t]he prosecutor has failed to establish facts from which referee could find probable cause that the child is presently at risk."
Petitioner appealed as of right to the Oakland Circuit Court. At a hearing on January 22, 1997, the circuit court agreed with the probate court's disposition of the case:
[A]s a very practical matter, the referee did focus on the fact that the child was currently in the physical custody of the mother, and since the father is incarcerated, he cannot really subject her to any physical risks so as to revoke [sic] jurisdiction under MCLA 7.128(2)(b) [sic].
A corresponding order was entered February 27, 1997.
Petitioner applied for leave to appeal to this Court. The application was denied in an order entered May 2, 1997 (Docket No. 201975), and petitioner filed an application for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court "for consideration as on leave granted." In re Ramsey, 455 Mich. 861, 567 N.W.2d 249 (1997).
Probate court jurisdiction over termination proceedings is derived solely from statutes and the constitution. In re Toler, 193 Mich.App. 474, 476, 484 N.W.2d 672 (1992). M.C.L. § 712A.2; M.S.A. § 27.3178(598.2) provides in pertinent part:
The juvenile division of the probate court has the following authority and jurisdiction:
* * * * * *
(b) Jurisdiction in proceedings concerning any juvenile under 18 years of age found within the county:
(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship....
* * * * * *
(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, or other custodian, is an unfit place for the juvenile to live in.
To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of M.C.L. § 712A.2; M.S.A. § 27.3178(598.2). In re Brock, 442 Mich. 101, 108-109, 499 N.W.2d 752 (1993). The probate court cannot terminate a parent's rights pursuant to M.C.L. § 712A.19b(3)(b); M.S.A. § 27.3178(598.19b)(3)(b) unless jurisdiction exists under M.C.L. § 712A.2(b); M.S.A. § 27.3178(598.2)(b). See In re Riffe, 147 Mich.App. 658, 668, 382 N.W.2d 842 (1985).
We find that the probate court erred in declining to assume jurisdiction over the child under M.C.L. § 712A.2(b); M.S.A. § 27.3178(598.2)(b). Statutory interpretation is a question of law reviewed de novo on appeal. In re Ballard, 219 Mich.App. 329, 331, 556 N.W.2d 196 (1996). The primary goal of interpreting a statute is to give effect to the Legislature's intent in drafting the statute. In re Marin, 198 Mich.App. 560, 564, 499 N.W.2d 400 (1993). Statutory language should be construed reasonably, keeping in mind the objective and purpose of the act. Id. Furthermore, nothing will be read into a statute that is not within the manifest intent of the Legislature as gathered from the act itself. Id. This Court reviews factual findings with respect to termination of parental rights under the clearly erroneous standard. In re Ballard, supra at 331, 556 N.W.2d 196.
The purpose of child protective proceedings is the protection of the child. In re Brock, supra at 107, 499 N.W.2d 752. Among other things, the Probate Code grants the probate court jurisdiction over any minor who is "subject to a substantial risk of harm to his or her mental well-being...." M.C.L. § 712A.2(b)(1); M.S.A. § 27.3178(598.2)(b)(1); In re Middleton, 198 Mich.App. 197, 199, 497 N.W.2d 214 (1993). *294 For this Court to find, as the probate court did, that a father who attempted to kill his 1 ½-year-old daughter does not present a "substantial risk of harm" to the child sufficient to invoke the jurisdiction of the probate court would completely contravene the Legislature's intent in providing for the termination of parental rights. Where, as here, a parent attempted to kill his child, purportedly because he loved her, there most certainly will be some negative effect on the child's mental well-being. The fact that respondent was serving a prison sentence when the petition to terminate his parental rights was filed does not eliminate the mental and emotional effect on the child of his violent conduct. We therefore hold that the lower courts clearly erred in finding that Sabrina Ramsey was not subject to a substantial risk of harm to her mental well-being sufficient to invoke the probate court's jurisdiction over her. Our holding in this case is entirely consistent with previous decisions of this Court.
In In re Emmons, 165 Mich.App. 701, 702-703, 419 N.W.2d 449 (1988), the respondent father pleaded guilty of second-degree criminal sexual conduct against one of his children and was sentenced to forty months' to fifteen years' imprisonment. The parents were divorced, and the children were in the custody of their mother. Id. at 702, 419 N.W.2d 449. On appeal, the respondent argued that the probate court improperly assumed jurisdiction over the children, stating that the admission of his guilty plea violated his right against self-incrimination. Id. at 704, 419 N.W.2d 449. This Court disagreed, stating that evidence of the respondent's guilty plea was not incriminating to him. Furthermore, this Court found that the respondent's guilty plea provided a basis to assume jurisdiction over the children, stating that "[a] parent's sexual assault of his children is relevant, competent, and material evidence in a termination proceeding." Id. at 705, 419 N.W.2d 449.
An earlier panel of this Court held that the respondent parents' criminal status alone was not a sufficient basis for the probate court's assumption of jurisdiction. In re Curry, 113 Mich.App. 821, 830, 318 N.W.2d 567 (1982). However, Curry is distinguishable from the present case on a significant point. In Curry, the respondent father was serving a prison sentence for being an habitual offender, and the mother was incarcerated on drug charges. In the present case, as in Emmons, the respondent parent was convicted of a crime against the child. By contrast, in Curry, the parents' convictions were for crimes that did not involve the children, and their criminal acts were not shown to be related to their ability to care for the children. This is an important distinction. Although criminal status alone may not be a sufficient basis for the probate court's assumption of jurisdiction, id. at 830, 318 N.W.2d 567, in the present case, as in Emmons, it is not the respondent's criminal status alone that is alleged to be the basis for the court's jurisdiction, but rather the respondent's violent criminal act against the child, which was directly related to the child's mental well-being and to respondent's ability to care for the child.
In affirming the probate court's decision in the instant case, the circuit court stressed the fact that the child was in the mother's custody and was not in any danger from the father while he was in prison. This Court rejected a similar argument in In re Marin, supra at 565-567, 499 N.W.2d 400. This Court acknowledged:
It can be reasonably argued that there is no need to terminate the parental rights of one parent where the child remains in the care and custody of the other parent and there is no basis for removing the child from the custodial parent's care. While the noncustodial parent may not be a fit parent and may, in fact, as is the case here, pose a threat to the child, those concerns could be addressed through traditional custody and visitation proceedings in the circuit court, as well as, through the criminal justice system, as occurred here. [Id. at 565, 499 N.W.2d 400 (emphasis added).]
However, this Court explicitly rejected this argument, finding instead that "the Legislature envisioned and intended that the probate court could terminate the parental rights of just one parent." Id. at 566, 499 N.W.2d 400.
*295 Further, we note that the probate court's interpretation of M.C.L. § 712A.2(b)(2); M.S.A. § 27.3178(598.2)(b)(2) would lead to the incongruous result that a petition filed the day before a respondent parent's conviction would result in the probate court's finding of jurisdiction, whereas the same petition filed the day after the parent's conviction would not. We are not willing to jeopardize the welfare of a child on the basis of such a technicality. Of course, it is still for the probate court to determine whether respondent is a fit parent. Our decision today merely affirms that the court has jurisdiction to make that determination.
Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[*] Former Court of Appeals judge, sitting on the Court of Appeals by assignment.