*In re* SPRITE

Docket No. 91195. Submitted August 5, 1986, at Grand Rapids. Decided October 20, 1986.

A petition was brought in the Kent County Probate Court, Juvenile Division, by the Kent County Department of Social Services seeking to terminate the parental rights of Terri A. Sprite and Leonard P. Sprite to their minor children, Jennifer A. Sprite and Michelle M. Sprite. The probate court, Donald J. De Young, J., issued a judgment and order terminating the parental rights of both respondents. Terri A. Sprite (hereafter respondent) appealed from the judgment and order alleging that there was not clear and convincing evidence to support the decision to terminate her parental rights.

The Court of Appeals *held:*

1. Respondent has demonstrated an extreme lack of sensitivity to her children's emotional well-being and has demonstrated her inability to provide for their emotional needs and to provide a safe environment for her children. The evidence demonstrates that respondent has both intentionally and negligently disregarded her children's needs. Respondent has demonstrated that she is unwilling to correct the deficiencies and that she is unable to protect her children.

2. There is clear and convincing evidence that the children were neglected.

3. The probate court's rulings that the statutory grounds for termination were met and that the best interests of the children require that respondent's parental rights be terminated are not clearly erroneous.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — SEXUAL ASSAULT.

The inability of a parent to protect her children from sexual

REFERENCES

Am Jur 2d, Parent and Child §§ 8 *et seq.,* 14.

Validity and application of statute allowing endangered child to be temporarily removed from parental custody. 38 ALR4th 756.

Physical abuse of child by parent as ground for termination of parent's right to child. 53 ALR3d 605.

assault and the failure to support children who have been sexually assaulted by preventing further contact with their assailant are grounds for termination of parental rights.

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — NEGLECT.

A permanent custody order terminating a parent's parental rights on the basis of neglect must be based upon testimony of such a nature as to establish or seriously threaten neglect of the children for the long-run future; such neglect entails some degree of culpability by way of either intentional or negligent disregard of the child's needs (MCL 712A.19a[e]; MSA 27.3178[598.19a][e]).

*David H. Sawyer,* Prosecuting Attorney, and *David R. Gersch,* Assistant Prosecuting Attorney, for petitioner.

*Jerry M. Beurkens,* for respondent.

Before: HOOD, P.J., and D. E. HOLBROOOK, JR., and W. R. PETERSON,* JJ.

PER CURIAM. Respondent Terri Sprite appeals as of right from the probate court's opinion and order which terminated her parental rights to her minor children, Jennifer born November 17, 1978, and Michelle born May 4, 1981. The children's natural father, also a respondent below, does not appeal from the termination of his parental rights. On appeal respondent challenges the probate court's extremely comprehensive and thoughtful sixteen-page opinion that concluded that there was clear and convincing evidence to support the decision to terminate respondent's parental rights and that termination was in the best interest of the children. We hold that the probate judge's factual findings are amply supported by the record, and we affirm.

The appropriate standard of review in cases

* Circuit judge, sitting on the Court of Appeals by assignment.

involving termination of parental rights is whether the findings of the probate court are clearly erroneous. MCR 2.613(C); *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985). A finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Cornet, supra; Mazur v Blendea,* 413 Mich 540, 547; 321 NW2d 376 (1982); *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

The probate court made the following findings of fact:

1. That the father of the children, Leonard Paul Sprite, has been convicted of criminal sexual conduct two, concerning his daughter, Michelle; and therefore, has demonstrated his inability and unfitness to be a proper parent to have the future custody of his children. He has denied that he sexually abused them in the hearing that was held on the termination petition; but the fact remains that he pled guilty in Circuit Court to the conviction and therefore, had to give the circuit judge sufficient facts for the circuit judge to have accepted a plea to such a crime; therefore, the credibility of his testimony that the court heard today is very little, at best.

2. That from the time the Court took jurisdiction in March of 1983 until today; [sic] the status of the parents remains basically the same in that mother still has had no suitable place of residence, having moved four times within the past year; does not have a steady source of income; and father is presently residing in jail.

3. That after the children were returned home in July of 1984, it was just several months later that the children were observed having head lice; their hygiene was extremely poor; the parents were failing to cooperate in counseling; and again, had no stable source of income.

4. That every treatment plan that was utilized during the course of the past several years involved having the parents in parenting classes and life skill classes at The Family Living Center. Their attendance, at best, was inconsistent in attending the classes, and when they were there they were, many times, disruptive and failed to cooperate in the parenting classes. It was testified that the parents did have the capabilities of gaining adequate parenting abilities; and at one time did so and the children were returned, but they soon slid back into their old ways.

5. That from the psychological evaluations of Dr. Piersma and from his testimony, it appears that neither the father nor the mother are amenable to treatment and that regardless of how many parenting classes they attend nor how much counseling they attend this is ever going to make a great deal of difference in how they parent their children. It further seems, that they have a chronically unstable relationship in that they hold their needs above that of their children and that this is never going to change.

6. That it appears that the children have been in foster care from a period of February of 1983 through the beginning of July of 1984, which is seventeen months; and then again, have been in temporary foster care from April of 1985 through today, which is another ten months. These two together add up to twenty-seven months of being in foster care. Michelle is not quite five years old; therefore, over half of her life has been in foster care. Jennifer, in addition to these times in foster care, was in foster care in 1980 for almost a year's period of time. So, she has for all practical purposes been in foster care for three years. The Court makes the finding that such long-term foster care is detrimental to the children and based on all of the testimony that it has heard, the parents are never going to change.

7. Lastly, the best interests of the children require that they receive permanency, now, with a permanent family wherein they can receive the

love and nurturing they require and deserve. and where they can be together as siblings without further disruption in their lives; that not to terminate parental rights and free them for adoption while waiting for a parent to be released from prison or to, in effect, get their act together after being given three years is excessive.

The probate court terminated respondent's rights on the basis of three subsections within § 19a of the juvenile code:

Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

\* \* \*

(d) A parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child or if the parent or guardian is imprisoned for such a period that the child will be deprived of a normal home for a period of more than 2 years.

(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect.

(f) The child has been in foster care in the temporary custody of the court on the basis of a neglect petition for a period of at least 2 years and upon rehearing the parents fail to establish a reasonable probability that they will be able to reestablish a proper home for the child within the following 12 months. [MCL 712A.19a; MSA 27.3178(598.19a).]

Respondent argues on appeal that the court abused its discretion by terminating her parental rights on the basis of neglect. She asserts that the evidence did not establish that there was a serious

threat of neglect of the children for the long-run future. She also contends that the probate court abused its discretion in terminating her parental rights because petitioner failed to show that she would be unable to establish a proper home for the children within the following twelve months.

The probate court terminated the father's parental rights pursuant to subsection (d). That subsection provides that if a parent is convicted of a felony of a nature as to prove the unfitness of the parent, the court may take permanent custody of the child. This subsection does not apply directly to respondent mother since she herself was not guilty of the sexual assault of her daughters. ·

However, this Court has determined that the inability of a parent to protect her children from sexual assault and the failure to support children who have been sexually assaulted by preventing further contact with their assailant are grounds for termination. *In re Rinesmith,* 144 Mich App 475, 483; 376 NW2d 139 (1985), lv den 424 Mich 855 (1985). There was no evidence in this case that respondent was aware that her husband was sexually abusing her daughters. However, after the sexual abuse was made known to her, she offered little or no support to her two daughters, and allowed the father to continue seeing the girls despite a court order otherwise.

Now that her husband is incarcerated on sexual assault charges, she has taken a boyfriend who has a history of abusive and assaultive behaviors. He has lost his own child as a result of neglect. Respondent has demonstrated an extreme lack of sensitivity for her children's emotional well-being, and has demonstrated her inability to provide for their emotional needs and to provide a safe environment for her children.

The court concluded that as a result of her

activities and actions, respondent's parental rights should be terminated pursuant to subsections (e) and (f). Although the amount of neglect necessary to justify termination of parental rights under § 19a(e) is not capable of precise or exact definition, the entry of an order taking permanent custody due to neglect must be based upon testimony of such a nature as to establish or seriously threaten neglect of the children for the long-run future. *Fritts v Krugh,* 354 Mich 97, 114; 92 NW2d 604 (1958); *In the Matter of Bidwell,* 129 Mich App 499, 505; 342 NW2d 82 (1983). The word "neglect" as used in the statute entails some degree of culpability by way of either intentional or negligent disregard of the children's needs. *In the Matter of Tedder,* 150 Mich App 688, 698; 389 NW2d 149 (1986).

The evidence in this case demonstrates that respondent has both intentionally and negligently disregarded her children's needs. The children were subjected to significant traumatic events including a very unstable home, frequent and intense parental disputes, sexual abuse by the father, observation of sexual activity in the home, limited proper stimulation in the home, chronic deprivation of a clean, consistent and protective environment, lack of food in the home and lack of significant medical attention. Respondent has demonstrated by her behavior over a significant period of time that she is unwilling to correct the deficiencies, and that she is unable to protect her children.

Respondent relies heavily on the case of *In the Matter of Moore,* 134 Mich App 586; 351 NW2d 615 (1984), for the proposition that the evidence against her individually or collectively is insufficient to support termination. *Moore* is distinguishable from this case. In *Moore,* the mother relin-

quished her children voluntarily to the Department of Social Services when she was temporarily evicted from her apartment. This Court held that her failure to participate in treatment program plans and the fact that she repeatedly moved was insufficient to terminate her parental rights because no neglect had been established.

In this case there is clear and convincing evidence presented that the children were neglected. The home was subject to continuing food crises because of the parents' unwillingness to comply with various requirements of free food programs, there was limited or no income in the home, there was some deterioration of the children's health care, there were extremely unsanitary conditions in the home, indiscriminate sexual activity between the father, his girlfriend and the mother before the children, and the children were subject to sexual abuse. While at one point respondent did voluntarily relinquish her children to the Department of Social Services, there all similarities with *Moore* end.

Every attempt has been made by various helping agencies within the community to assist respondent. It was one expert's opinion that counseling had been unsuccessful in the past and would continue to be unsuccessful into the future because of respondent's own personality make-up. The conclusion of the probate court that the statutory grounds for termination were met in this case is not clearly erroneous, and the probate court's conclusion that the best interests of the children require that respondent's parental rights be terminated is certainly not clearly erroneous.

Affirmed.