*In re* THORNE.

1. GUARDIAN AND WARD—GUARDIAN OF THE PERSON.
   There cannot be two different legal guardians of the person of a ward at one and the same time; appointed by the same court at different times, on different petitions, and on different hearings.

2. COURTS—POWERS OF PROBATE COURTS—STATUTES.
   Probate courts have only such powers as are conferred by statute.

3. BANKS AND BANKING—TRUST COMPANIES—STATUTES—GUARDIANS.
  A trust company is expressly authorized by statute to act as guardian (Act No. 341, § 235, Pub. Acts 1941).

4. GUARDIAN AND WARD—MENTALLY INCOMPETENT PERSONS—GEN-ERAL GUARDIAN.
  A general guardian of a mentally incompetent person, not a married woman, appointed under the probate code, is guardian of the person of the ward (Act No. 288, chap. 3, §§ 1, 28, Pub. Acts 1939).

5. DRUNKARDS—COMMITMENT TO HOSPITAL—GUARDIANS—PROBATE COURT.
  A person adjudged to be so addicted to the excessive use of intoxicating liquors as to be in need of medical care and for whose person a guardian has or may be appointed with power to restrain the ward in some hospital for treatment may be committed thereto only upon the petition of such ·guardian and order of the probate court (2 Comp. Laws 1929, § 6885, as amended by Act No. 104, Pub. Acts 1937).

6. SAME—COMMITMENT—JURISDICTION OF PROBATE COURT—GUARD-IAN.
  A probate court was without jurisdiction to commit a person to a hospital as an habitual drunkard upon a petition filed by drunkard's brother who was not legally appointed guardian because there was already a general guardian of both the person and estate of the drunkard appointed by the same court and still acting as such, the appointment of the brother and commitment proceedings both being nullities (2 Comp. Laws 1929, § 6885, as amended by Act No. 104, Pub. Acts 1937; Act No. 288, chap. 3, §§ 1, 28, Pub. Acts 1939).

Writ of habeas corpus to inquire into the detention of William M. Thorne by the superintendent of Eloise Hospital with accompanying writ of certiorari to Wayne probate judge. Submitted October 19, 1943. (Calendar No. 42,541.) Plaintiff ordered discharged December 29, 1943. Rehearing denied February 24, 1944.

*Arthur Gladstone*, for plaintiff.

*William E. Dowling*, Prosecuting Attorney, *Samuel Brezner* and *Staffan A. Ecklund*, Assistant Prosecuting Attorneys, for defendant.

Boyles, C. J.  We granted William M. Thorne a writ of habeas corpus to inquire into the legality of his detention in Eloise hospital, Wayne county, and a writ of certiorari to the probate court of Wayne county to certify and return to this court the proceedings leading to his detention. In his petitions Thorne alleges that he is a war veteran, that he is a recipient of benefits from the Veterans Administration under Federal statute, for service disability, and that he was adjudged mentally incompetent and a guardian appointed for him in 1936. He alleges that on February 19, 1943, the probate court assumed the authority to appoint another and different guardian of his person, and that thereupon he was committed to Eloise hospital by the probate court for Wayne county on the petition of such guardian as a person addicted to the excessive use of intoxicating liquor; that his detention is illegal for certain reasons which will be referred to herein.

The principal contention urged by petitioner for his discharge is that the entire proceeding in 1943 resulting in his detention is without any legal foundation and a nullity, because it must necessarily be based on a petition filed by a legal guardian of his person, and that Charles R. Thorne, the petitioner in said proceeding, could not be the legal guardian of his person because there already was such a guardian, appointed by the probate court for Wayne county in 1936, qualified and still acting as such. If this contention is true, the proceeding must fall, because it is obvious that there cannot be two different legal guardians of the person of William M. Thorne at one and the same time, appointed by the same court at different times, on different petitions, and on different hearings.

The probate court for Wayne county, in its return to the writ of certiorari, has filed in this court certified copies of the entire record and proceedings

in said court relating to William M. Thorne. From this we find that on September 10, 1936, a petition was filed in said court alleging that William M. Thorne was entitled to receive moneys payable by or through the United States Veterans bureau, that he was mentally incompetent to have the care, custody and management of his estate, and praying that the Equitable Trust Company be appointed guardian of said William M. Thorne. After due notice a hearing was held on this petition, and on October 14, 1936, the Equitable Trust Company was appointed guardian of said William M. Thorne. This guardian qualified, received letters of guardianship, and since that time the Equitable Trust Company has regularly filed annual accounts as such guardian, the same have been duly allowed by said court on hearing, and the Equitable Trust Company is still acting as such guardian with authority.

The decisive question is whether the appointment of the Equitable Trust Company above referred to was an appointment of a guardian of the person as well as the estate of William M. Thorne.

Probate courts have only such powers as are conferred by statute. The statutory authority given probate courts to appoint guardians is now found in section 1 of chapter 3 of the probate code enacted in 1939 (Act No. 288, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289–3(1), Stat. Ann. 1942 Cum. Supp. § 27.3178(201)]). This is substantially a reenactment of the previous authority given probate courts to appoint guardians, in effect in 1936 when the Equitable Trust Company was appointed (3 Comp. Laws 1929, § 15763 [Stat. Ann. § 27.2928]). Consequently the appointment of the Equitable Trust Company in 1936 and the attempted appointment of Charles R. Thorne in 1943 both were under

the same general powers conferred by statute on probate courts. This section reads as follows:

"The judge of probate in each county may, in all proper cases, appoint guardians of inhabitants or residents in his county, and also to such as reside without the State, and have any estate within his county, as follows:

"1. Of the estate of all minors having any estate within his county;

"2. Of the person of all such minors who are inhabitants or residents in his county, and have no father or mother living, competent and suitable to have the custody and care of the education of such minor;

"3. Of any person, who by excessive drinking, or by gaming, idleness or debauchery of any kind, shall so spend, waste or lessen his estate as to expose himself or his family to danger or want, or suffering, or the county to charge or expense for the support of himself or his family;

"4. Of all persons who are insane, imbecile, idiotic, or who by reason of old age or disease are mentally incompetent to have the care, custody and management of their estate;

"5. Of the estate, but not of the person, as against the rights of the husband, of any married woman who shall be insane, or otherwise mentally incompetent to have the charge of her property; and,

"6. Of the person of any one being a resident of his county, who shall be an habitual drunkard, or so addicted to the excessive use of intoxicating liquors or narcotic drugs, as to need medical or sanatory treatment and care."

It is quite apparent that the appointment of the Equitable Trust Company as guardian, in 1936, was under the power conferred on probate courts by subdivision 4, *supra.* The trust company was appointed general guardian. A trust company is expressly

authorized by statute to act as guardian.* Subdivision *6* of the above-quoted section authorizes appointment of a guardian of the person only. Subdivision 4 authorizes the appointment of a general guardian. At the time the Equitable Trust Company was appointed general guardian in 1936, it was provided by statute (3 Comp. Laws 1929, § 15794 [Stat. Ann. § 27.2959]):

"Every guardian appointed under the provisions of the *sixth* subdivision of section one of this chapter, shall have the care and custody *of the person* of his ward."

This section was amended by the probate code (Act No. 288, chap. 3, § 28, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289–3(28), Stat. Ann. 1942 Cum. Supp. § 27.3178 (228)]), in 1939, so as to read:

"Every guardian appointed under the provisions of *subdivisions 4 and 6* of section 1 of this chapter shall have the care and custody of the person of his ward, and upon the order of the judge of probate, may cause him or her to be taken to and restrained in any suitable State institution, asylum, hospital for medical or sanatory treatment or care, or hospital for the insane."

Thus it appears that under the probate code, a general guardian of a mentally incompetent person appointed under subdivision 4 is expressly declared to be guardian of the person of the ward. It is important to keep in mind that this provision of the probate code was in effect when the attempt was later made in 1943 to appoint Charles R. Thorne guardian of the person of William M. Thorne.

---

* See 3 Comp. Laws 1929, § 12018, as amended by Act No. 238, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 12018, Stat. Ann. § 23.248), and Act No. 341, § 235, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 11897–235, Stat. Ann. 1942 Cum. Supp. § 23.1055).— Reporter.

The appointment of the Equitable Trust Company in 1936 as guardian was in conformity with the uniform veterans guardianship act then in effect (Act No. 156, Pub. Acts 1929 [1 Comp. Laws 1929, § 810 *et seq.* (Stat. Ann. § 4.951 *et seq.*)]). The title of this act as it then read was:

"An act to provide for the guardianship of incompetent veterans and the minor children of disabled or deceased veterans."

It defined guardian (section 1) as any person acting as a fiduciary for a ward. It provided (section 2):

"Whenever, pursuant to any law of the United States or regulation of the bureau, the director requires, prior to payment of benefits, that a guardian be appointed for a ward, such appointment shall be made in the manner hereinafter provided."

The petition filed in probate court in 1936 and the procedure of the court thereafter resulting in the appointment of Equitable Trust Company conformed to this act.

While the apparent general purport of this uniform veterans guardianship act was to safeguard the use of moneys payable to the veteran by the Veterans Administration bureau, section 14 of the act (1 Comp. Laws 1929, § 823 [Stat. Ann. § 4.963]) provided for the commitment of a veteran to a United States veterans bureau hospital for care and treatment, and provided that "thereafter such veteran upon admission shall be subject to the rules and regulations of such hospital and the officials of such hospital shall be vested with the same powers now exercised by superintendents of State hospitals for mental diseases within this State with reference to the retention of custody of the veteran so committed." This provision was apparently intended

to conform to and supplement the general power conferred on probate courts under section 8 of Act No. 151, Pub. Acts 1923 (2 Comp. Laws 1929, § 6885 [Stat. Ann. § 14.808]), which will be quoted in full later.

We find from the probate court records returned to us that on December 24, 1942, a brother of petitioner, one Charles R. Thorne, filed a petition in the probate court for Wayne county, alleging that William M. Thorne was so addicted to the excessive use of alcoholic liquor as to be in need of medical treatment and care, and praying that either he or some other suitable person be appointed as *guardian of the person* of said William M. Thorne with authority to cause him to be taken to and restrained in some suitable hospital or asylum for treatment and care. After due notice a hearing was held on this petition and on January 13, 1943, the probate court entered an order finding the facts to be as alleged in said petition, and appointing Charles R. Thorne as such guardian of the person of William M. Thorne with authority to cause him to be taken to and restrained in some suitable hospital or institution for medical and sanitary treatment and care. Thereafter Charles R. Thorne, claiming to be the guardian of the person of William M. Thorne, filed a petition in said probate court praying that William M. Thorne be admitted to some suitable institution as an alcoholic addict. A hearing on this petition was held February 19, 1943, and an order entered committing William M. Thorne to Eloise hospital. This order and the order appointing Charles R. Thorne as guardian of the person are claimed by petitioner to be void.

These proceedings in probate court in 1943 to have Thorne committed to an institution were apparently instituted and carried on under the pro-

visions of section 8* of Act No. 151, Pub. Acts 1923 (2 Comp. Laws 1929, § 6885 [Stat. Ann. § 14.808]), hereinbefore referred to. This act was not repealed by the probate code of 1939 (Act No. 288, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289-1 *et seq.,* Stat. Ann. 1942 Cum. Supp. §§ 27.3178(1) *et seq.*]). Section 8 of this act provides as follows:

"No person who is a resident of this State shall be detained as a public or private patient in any institution, public or private, or in any institution, home or retreat for the care or treatment of the insane, feeble-minded or epileptic except upon an order for commitment and admission as hereinafter provided: *Provided,* That such persons as may have been or may hereafter be adjudged to be so addicted to the excessive use of intoxicating liquors, or narcotics or noxious drugs, as to be in need of medical and sanitary treatment or care, for whose *person* a guardian has or may be appointed with power to restrain his said ward in some suitable hospital for treatment, may *upon petition of the guardian * * * and by * * * order of the probate court,* be taken to or restrained in any suitable institution or hospital for treatment and care of the insane."

It is important to note that the authority thus conferred on probate courts, to commit to an institution one who may be adjudged to be so addicted to the excessive use of intoxicating liquor as to be in need of medical and sanitary treatment or care, is invoked only upon petition of a guardian of the person. The proceedings in probate court, under section 8 of said act, by virtue of which alcoholic, narcotic and drug addicts may be committed to some

---

* This section was amended by Act No. 104, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 6885, Stat. Ann. 1943 Cum. Supp. § 14.808), in a manner not material to the decision of this case.— REPORTER.

institution for treatment and care, can be initiated only on a petition filed by a guardian of the person. Under this section 8, William M. Thorne was committed to Eloise hospital by order of the probate court and is still restrained therein.

We find it necessary to hold that the probate court did not have jurisdiction to enter this order. Such proceedings could be initiated and invoked only upon the filing of a petition by a guardian of the person of William M. Thorne. The petition was filed by Charles R. Thorne purporting to be filed by the guardian of the person of William M. Thorne. However, the probate court order appointing Charles R. Thorne as such guardian was without authority and a nullity, because at the time it was made in 1943 there was already a general guardian of both the person and estate of William M. Thorne appointed by the same court, still acting as such. The appointment of Charles R. Thorne being a nullity, he could not legally petition the court, as guardian of the person of William M. Thorne, for his admission to a hospital. Without a petition from such guardian, the court lacked jurisdiction to proceed. In view of this conclusion, it is not necessary to discuss the other questions raised.

An order may be entered discharging petitioner from custody.

Chandler, North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.