*In re* MIDDLETON

Docket No. 150129. Submitted January 6, 1993, at Grand Rapids.
Decided February 2, 1993, at 9:20 *a.m.*

The Department of Social Services petitioned the Midland County
Probate Court, Juvenile Division, seeking termination of the
parental rights of Marge Middleton, a developmentally disabled
adult under plenary guardianship, with regard to her minor
child. The court, Donna T. Morris, J., appointed an attorney to
represent the mother's interests, and the attorney filed a mo-
tion to dismiss. The mother's guardian, although present, took
no position on the record regarding the petition. The court
granted the motion to dismiss, certifying for appeal whether
the respondent's status as a developmentally disabled adult
under plenary guardianship automatically gives the probate
court jurisdiction of the child. The petitioner appealed by leave
granted.

The Court of Appeals *held:*

1. Because the mother has been shown, by clear and convinc-
ing evidence presented when the plenary guardianship was
established, to be totally without capacity to care for herself,
her status, by itself, gives rise to an inference that her newborn
daughter is at substantial risk of harm to her mental well-
being and is without proper custody or guardianship. If unre-
butted, the presumption is sufficient to permit a finding by a
preponderance of the evidence that grounds for jurisdiction of
the child exist. The order of dismissal must be reversed and the
case remanded for the filing of a new petition.

2. On remand, the probate court must consider whether, in
view of the fact that a plenary guardian has been appointed for
the mother, she or her appointed counsel have the power to
decide whether to contest the termination petition.

Reversed and remanded.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — JURISDIC-
TION — DEVELOPMENTALLY DISABLED ADULT PARENTS.

A person's status as a developmentally disabled adult under

REFERENCES

Am Jur 2d, Parent and Child § 34.

Parent's mental deficiency as factor in termination of parental
rights. 1 ALR5th 469.

plenary guardianship gives rise to an inference that the person's newborn child is at substantial risk of harm to mental well-being and is without proper custody or guardianship; the presumption, if unrebutted, is sufficient to permit a finding by a preponderance of the evidence that grounds for jurisdiction exist with regard to a petition in probate court for termination of the person's parental rights (MCL 330.1618[5], 712A.2[b][1]; MSA 14.800[618][5], 27.3178[598.2][b][1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Norman W. Donker*, Prosecuting Attorney, and *Gordon J. Stryker*, Assistant Prosecuting Attorney, for the Department of Social Services.

*Karen E. McNutt*, for Marge Middleton.

Before: Sawyer, P.J., and Hood and Jansen, JJ.

Per Curiam. This is a termination of parental rights case. Petitioner Department of Social Services appeals by leave granted from the probate court's dismissal of its petition. We reverse.

Respondent mother is a developmentally disabled adult and is under plenary guardianship. After the petition was filed, the probate court appointed an attorney to represent the mother's interests. That attorney filed a motion to dismiss the petition. The mother's guardian, although present, took no position on the record regarding the petition.[1]

The issue on appeal is whether respondent mother's status as a developmentally disabled adult under plenary guardianship automatically gives the probate court jurisdiction over the child.

[1] Review of this case has been unnecessarily complicated by the fact that the probate court's file has been shredded. We disapprove of the probate court allowing a file that was on appeal to have been destroyed, especially where the case was appealed in large part at the court's own suggestion. We note that MCR 7.210(H) imposes on the trial court the duty to transmit the record to this Court.

Apparently, the petition alleged no facts regarding the mother's condition that would have otherwise justified an assertion of jurisdiction.

Among other things, the Probate Code grants the probate court jurisdiction over any minor who "is subject to a substantial risk of harm to his or her mental well-being . . . or who is without proper custody or guardianship." MCL 712A.2(b) (1); MSA 27.3178(598.2)(b)(1). Culpable neglect need not be shown for the court properly to exercise jurisdiction. *In re Jacobs,* 433 Mich 24, 37; 444 NW2d 789 (1989). Jurisdiction can be established by a preponderance of the evidence. *In re Nash,* 165 Mich App 450, 453-454; 419 NW2d 1 (1987); MCR 5.972(C)(1).

In this case, the parties stipulated that respondent mother is developmentally disabled and is under plenary guardianship following proceedings in the probate court. Under the Mental Health Code, a developmentally disabled person cannot have a plenary guardian appointed unless the probate court finds "by clear and convincing evidence that the respondent is developmentally disabled and is *totally without capacity to care for himself or herself* or the respondent's estate." MCL 330.1618(5); MSA 14.800(618)(5) (emphasis added). If "respondent is developmentally disabled and lacks the capacity to do some, *but not all,* of the tasks necessary to care for himself or herself or the respondent's estate, . . . the court shall *not* appoint a plenary guardian." MCL 330.1618(4); MSA 14.800(618)(4) (emphasis added).

A "developmental disability" is "an impairment of general intellectual functioning or adaptive behavior" which "has continued since its origination or can be expected to continue indefinitely" and which "constitutes a substantial burden to the impaired person's ability to perform normally in

society" and which "is attributable to . . . [m]ental retardation, cerebral palsy, epilepsy, or autism," or to any other condition producing a similar impairment, or to dyslexia resulting from any of the above. MCL 330.1600(e); MSA 14.800(600)(e). A "plenary guardian" is "a guardian who possesses the legal rights and powers of a full guardian of the person, or of the estate, or both." MCL 330.1600(i); MSA 14.800(600)(i). A plenary guardian has responsibility for the ward's custody and has the "duty to make provision . . . for the ward's care, comfort, and maintenance" and also for the ward's "training, education, medical, and psychological services, and social and vocational opportunity as are appropriate." MCL 330.1631(1); MSA 14.800(631)(1).

We agree with petitioner that, given that respondent mother has apparently been shown,[2] by clear and convincing evidence, to be "totally without capacity to care for . . . herself," her status, by itself, gives rise to an inference that her newborn daughter is at "substantial risk of harm to . . . her mental well-being" and "is without proper custody or guardianship." This presumption, if unrebutted, is sufficient to find by a preponderance of the evidence that grounds for jurisdiction exist. We therefore reverse the probate court order of dismissal and remand the case for the filing of a new petition.

Although not raised or briefed by the parties, we direct the probate court to consider on remand whether respondent mother or her appointed counsel have the power to decide whether to contest the termination petition. We raise this issue because, once a plenary guardian is duly appointed

---

[2] Although the court below took judicial notice of respondent mother's guardianship file, that file has not been transmitted to this Court.

by the probate court, other persons cannot make decisions on the ward's behalf. See *In re Thorne,* 307 Mich 659, 668; 12 NW2d 445 (1943) (where there was a guardian already, the court had no power to appoint a second guardian, and the second guardian had no power to commit the ward to an institution). However, we should not be understood as expressing an opinion about the proper resolution of this question.

Reversed and remanded.