# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. HALL, Minor.

UNPUBLISHED
September 12, 2017

No. 336477
St. Clair Circuit Court
Family Division
LC No. 2016-000304-NA

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court's order terminating his parental rights to the minor child, JH, pursuant to MCL 712A.19b(3)(j). We affirm.

Respondent first argues that the trial court improperly asserted jurisdiction over these proceedings. We disagree. Generally, a trial court's exercise of jurisdiction in a termination proceeding cannot be collaterally attacked. *In re Hatcher*, 443 Mich 426, 444; 505 NW2d 834 (1993). However, respondent's rights were terminated following the initial dispositional hearing. "[B]ecause an initial order of disposition is the first order appealable as of right, an appeal of the adjudication following the issuance of an initial dispositional order is not a collateral attack on the initial adjudication, but a direct appeal." *In re SLH*, 277 Mich App 662, 669 n 13; 747 NW2d 547 (2008). This Court reviews de novo a trial court's decision to assert jurisdiction in a termination proceeding. *In re Terry*, 240 Mich App 14, 20; 610 NW2d 563 (2000).

"To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of MCL 712A.2." *In re S R*, 229 Mich App 310, 314; 581 NW2d 291 (1998); see also MCR 3.972(C)(1). MCL 712A.2(b)(2) provides that a trial court has jurisdiction in proceedings concerning a juvenile under 18 years of age "[w]hose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in." Pursuant to this section, "[a] child may come within the jurisdiction of the court solely on the basis of a parent's treatment of another child" under the doctrine of anticipatory neglect. *In re Gazella*, 264 Mich App 668, 680; 692 NW2d 708 (2005), superseded by statute in part on other grounds in MCL 712A.19b(5); see also *In re Powers*, 208 Mich App 582, 589; 528 NW2d 799 (1995), superseded on other grounds by MCL 712A.19b(3)(b)(*i*). "Abuse or neglect of the second child is not a prerequisite for jurisdiction of that child and application of the doctrine of anticipatory neglect." *In re Gazella*, 264 Mich App at 680-681.

In 2014, respondent's parental rights to three other children were terminated, and a panel of this Court affirmed that termination in an unpublished opinion.[1] In that case, respondent's youngest child, WH, was admitted to the hospital with a number of unexplained injuries that were in various stages of healing. The trial court terminated respondent's parental rights after finding by clear and convincing evidence that WH suffered physical abuse, that respondent's act caused the physical abuse, and that there was a reasonable likelihood that WH would suffer physical abuse or harm in the foreseeable future if returned to respondent's care. Since that case, respondent substantially failed to address any of his abusive tendencies and continued to deny responsibility for WH's injuries. As a result, the trial court reasonably believed that what occurred to WH would occur to JH and took jurisdiction based on the doctrine of anticipatory neglect. See *id.* at 680. On this record, we conclude that the trial court did not err in finding by a preponderance of the evidence that respondent could not provide a fit home environment for JH.

Respondent argues that jurisdiction was improper because it was based on inadmissible evidence. However, respondent waived this issue at trial. When petitioner moved to enter the contested evidence, respondent's counsel stated, "I don't have any objection to the documents being admitted for the limited purpose of this jurisdictional hearing today. I believe the documents are probably admissible for a variety of other reasons." As this Court has recognized, a "[r]espondent may not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit [a] respondent to harbor error as an appellate parachute." *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). Moreover, the relevant records that the trial court relied upon in exercising its jurisdiction included the order terminating respondent's parental rights to his other three children. This record was admissible under MRE 803(8). After reviewing the prior termination order, it is clear that the facts contained in the order and respondent's testimony about his actions since that termination provided a sufficient factual basis to support the trial court's finding of jurisdiction under MCL 712A.2(b). Even if respondent had not waived this issue, any reference to other potentially inadmissible evidence in the trial court's adjudication decision was harmless. MCR 2.613(A).

Next, respondent argues that the trial court erred by finding a statutory ground for termination. We disagree. "To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "We review for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence." *Id.*

The trial court terminated respondent's rights under MCL 712A.19b(3)(j), which provides that termination is proper when "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Respondent's rights to his other three children were terminated after WH was admitted to the hospital with numerous unexplained injuries, including a life-threatening

---

[1] *In re Hall, Minors*, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2015 (Docket Nos. 324206/324393).

laceration to his liver that was caused by blunt trauma. Other injuries on the child's body were in various stages of healing, indicating that they occurred over an extended period of time. By respondent's own admission, some of the bruises on WH were caused by respondent beating him with a belt. In spite of this admission, respondent denied all responsibility for WH's injuries. Since respondent's rights to the other children were terminated, he continued to deny responsibility for WH's injuries and his role in those proceedings, which resulted in his failure to take steps to address the issues that previously led to termination. Based on this record, particularly the severity of WH's unexplained injuries and respondent's refusal to address his problems that led to those injuries, we are not definitely and firmly convinced that the trial court erred by finding that there was a reasonable likelihood that JH would be harmed if returned to respondent's home.

Respondent, again, argues that the trial court's decision was based on inadmissible evidence. However, respondent, again, waived this issue. In finding this ground for termination, the trial court relied in large part on this Court's unpublished decision affirming the termination of respondent's parental rights to his other three children. When that evidence was admitted at trial, respondent's counsel stated, "We were aware of the exhibit, we don't have any objection to it. I believe it's a Court of Appeals opinion so the Court would have judicial notice of it anyway." Respondent may not now argue that admission of this evidence was error. See *In re Hudson*, 294 Mich App at 264. Regardless, as noted by counsel at trial, if respondent had contested the admission of the unpublished Court of Appeals decision, the trial court could have taken judicial notice of the panel's opinion. See MRE 201. Based on facts elicited from the unpublished opinion and respondent's refusal to take responsibility for WH's injuries, the trial court did not clearly err by finding clear and convincing evidence to terminate respondent's rights under MCL 712A.19b(3)(j). Any potentially inadmissible evidence that the trial court considered was harmless. MCR 2.613(A).

Lastly, respondent argues that termination was not in the minor child's best interests. We disagree. "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. Appellate courts "review for clear error . . . the court's decision regarding the child's best interests." *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000), superseded by statute on other grounds as recognized in *In re Moss*, 301 Mich App at 83.

In deciding whether termination is in a child's best interests, the court may consider the child's bond to the parent, *In re BZ*, 264 Mich App 286, 301; 690 NW2d 505 (2004), the parent's parenting ability, *In re Jones*, 286 Mich App 126, 129-130; 777 NW2d 728 (2009), the child's safety and well-being, *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011), and the child's "need for permanency, stability, and finality," *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012).

Here, the trial court only briefly discussed the best-interest factors and focused on the child's safety and well-being. This lack of detail significantly complicates our review. However, based on our review of the record, it appears that the trial court was aware of the issues and properly applied the law, and thus remand is unnecessary to facilitate appellate review. *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 177; 530 NW2d 772 (1995). The trial court found that WH suffered severe physical abuse while in respondent's care,

-3-

respondent refused to take responsibility for WH's injuries, and respondent failed to adequately address his issues that led to WH's abuse. JH was young (not even two months old at the time of the termination hearing), and respondent's refusal to accept responsibility and address the past abuse of WH created an ongoing uncertainty regarding JH's well-being if placed in respondent's care. As long as respondent refused to reconcile his abusive behavior, he was incapable of providing JH with a permanent, safe, and stable home. See *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). In light of these facts, the trial court did not clearly err in finding that termination of respondent's parental rights was in JH's best interests.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray