*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SANTOS, Minors.

UNPUBLISHED
April 16, 2026
12:00 PM

No. 376104
Wayne Circuit Court
Family Division
LC No. 2022-001983-NA

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals the trial court's order terminating his parental rights to his two children, arguing that the petition was stale and termination was not in the children's best interests. We affirm.

## I. BACKGROUND

Respondent was in a relationship with his girlfriend who had children of her own. One of the girlfriend's children was admitted to the hospital with more than a hundred bruises and abrasions on his body, indicating significant nonaccidental trauma. The girlfriend reported that the marks were from respondent after he discovered that her new baby was not respondent's child. During interviews with the girlfriend's children, they confirmed that respondent had hurt the hospitalized child and disclosed that respondent hit them all with his fists and belts. One of respondent's children disclosed that she had seen respondent hitting the girlfriend's children and that her mother was afraid to allow visits with respondent because of the abuse.

Following the disclosures, petitioner requested termination of respondent's parental rights to his children under MCL 712A.19b(3)(g) (failure to provide proper care and custody) and (j) (child would likely be harmed if returned to parent). After delays resulting from respondent's criminal proceedings, he pleaded no contest to jurisdictional and statutory grounds for termination, admitting the investigative report by petitioner as the factual basis for the plea. In the investigative report, both of respondent's children reported that they witnessed their father hurting his girlfriend's children and that they did not feel safe with him.

-1-

At the best-interests hearing, respondent moved to dismiss the petition as stale because the case was delayed for over two years and a lack of visitation may have impaired his relationship with the children, which "led to what is an unfavorable clinic evaluation." The trial court denied respondent's motion, finding that the motion was not timely made because respondent did not allege the petition's staleness at the time of his plea. For best interests, the trial court considered the children's placement with their mother and bond with respondent but ultimately found that termination was in the children's best interests based on respondent's propensity to injure children.

Respondent now appeals.

## II. ANALYSIS

## A. STALENESS

On appeal, respondent first argues that the trial court erred when it did not dismiss the petition due to staleness. Specifically, respondent argues that there was not a risk of harm to his children when he pleaded to jurisdiction because he was incarcerated at that time, and therefore, posed no physical threat to his children.

Respondent raised the issue of staleness after he pleaded no contest to jurisdiction and statutory grounds. Arguably, therefore, he did not properly preserve the argument. See *In re Pederson*, 331 Mich App 445, 462; 951 NW2d 704 (2020). With that said, out of an abundance of caution, we will the treat the issue as preserved.

We review for clear error the trial court's decision that jurisdiction was established by a preponderance of the evidence. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). We also review for clear error the trial court's finding that there were statutory grounds for termination. *In re Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). For the Court to find clear error, a decision must be "more than just maybe or probably wrong." *Id*. In applying this standard of review, due regard is given to the "special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

Once a petition has been filed, the trial court must hold a preliminary hearing and "may authorize the filing of the petition upon a showing of probable cause, unless waived, that one or more of the allegations in the petition are true and fall within MCL 712A.2(b)." MCR 3.965(B)(12). A trial court may exercise jurisdiction if a respondent-parent pleads no contest to the allegations in the petition. *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019); MCR 3.971. The trial court "shall not accept a plea . . . of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true." MCR 3.971(D)(2). See also *In re Baham*, 331 Mich App 737, 746; 954 NW2d 529 (2020) (cleaned up).

Here, the petition alleged that jurisdiction of respondent's children was proper under MCL 712A.2(b)(1), which includes jurisdiction for children who are subjected to a substantial risk of harm to their mental well-being. Based on the evidence, the trial court did not err when finding

that jurisdiction was proper. According to the petition, one of respondent's children witnessed her father hurting at least three of his girlfriend's children. And according to the investigation report, which was the basis of respondent's plea, both children witnessed their father hurting his girlfriend's children and did not feel safe with their father. These reports were supported by the girlfriend's children, who also reported abuse by respondent. Respondent's contention that there was "no evidence presented as to the possibility of any emotional trauma or mental health issues regarding the children" is clearly wrong.

With the children's reports, in addition to the girlfriend's child being admitted to the hospital with extensive bruising and abrasions, the trial court reasonably concluded that respondent's children were subjected to a substantial risk of harm to their mental well-being as a result of witnessing respondent's abuse of children. On appeal, respondent contends that "when you have an incarcerated parent at any stage of the proceedings, there is a presumption that there does not exist a risk of harm," relying on *In re SR*, 229 Mich App 310; 581 NW2d 291 (1998). But "*In re SR* recognized that the fact of incarceration, plus the child's safe placement with another parent, does not eliminate the possibility of mental or emotional harm to a child victimized by the incarcerated parent." *In re Leach*, 347 Mich App 26, 33; 14 NW3d 178 (2023). In this case, there was evidence of mental or emotional harm to respondent's children based on their reports. Therefore, the trial court did not err by accepting respondent's no-contest plea.[1]

## B. BEST INTERESTS

Respondent also argues on appeal that termination of respondent's parental rights was not in the best interests of the children. We review for clear error the trial court's decision regarding the children's best interests. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

Once the petitioner has presented clear and convincing evidence that persuades the trial court that a statutory ground for termination is established, the trial court must determine whether termination is in the children's best interests. *In re Keillor*, 325 Mich App 80, 93; 923 NW2d 617 (2018). When weighing the available evidence to determine the best interests of the children, the focus should be on the children, rather than respondent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). Factors that a court may consider include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (cleaned up). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his . . . case service plan, the parent's visitation

---

[1] Buried in the staleness issue, respondent also mentions ancillary issues such as reasonable efforts. These arguments were not properly presented to the Court because they were not in the statement of questions presented, not mentioned in either one of respondent's standard of review sections, and not developed in terms of authority, argument, and analysis. Because of the manner that respondent presented these issues, other parties were not given notice that these were issues on appeal, as evidenced by no mention of reasonable efforts in the lawyer-guardian ad litem's brief. Thus, respondent has waived such argument on appeal. See *English v Blue Cross Blue Shield of Michigan*, 263 Mich App 449, 459; 688 NW2d 523 (2004).

history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

Respondent argues that because there was no physical abuse of his children and no evidence of emotional or mental harm, the trial court erred in finding that termination was in the children's best interests. This argument fails to account for the harm that respondent's children endured by witnessing respondent's abuse of other children. Respondent's children reported that they saw such abuse and that they were afraid of their father. Even if respondent did not physically harm the children in this case, there was enough evidence for the trial court to find emotional or mental harm based on the events that occurred and the children's reports.

Respondent additionally argues that the trial court did not properly consider all of the best-interest factors. Although the trial court should weigh all the available evidence, *id.* at 713, and must consider relative placement, *In re Mason*, 486 Mich at 164, all of the other best-interest factors are discretionary, see *In re Olive/Metts*, 297 Mich App at 41 ("[T]he court may consider . . ."); see also *In re White*, 303 Mich App at 714 ("[T]he court should consider a wide variety of factors that may include . . ."). Moreover, the trial court's best-interest findings were nonetheless extensive and considered a number of factors, including respondent's history of domestic violence, the children's placement with a relative, and respondent's bond with the children. Given the evidence, the trial court's finding of best-interest was not clearly erroneous.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle