# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 4, 2008

135465

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

In re WILLIAM KYLE, Minor.

_____/

DEPARTMENT OF HUMAN SERVICES,
      Petitioner-Appellee,

v

ROBIN H. KYLE and LISA KYLE,
      Respondents-Appellants.

_____/

SC: 135465
COA: 271320
Wayne CC Family Div:
06-454281

On the order of the Court, the application for leave to appeal the October 2, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Wayne Circuit Court – Family Division for a trial on the petition pursuant to MCR 3.972 and MCL 712A.17. The circuit court is permitted to conduct a "preliminary inquiry" off the record "[w]hen a petition is not accompanied by a request for placement of the child and the child is not in temporary custody." MCR 3.962(A). The permissible actions following a preliminary inquiry are limited to granting or denying authorization to file the petition, or referring the matter to "alternative services." See MCR 3.962(B)(1)-(3). Granting permission to file the petition is merely a determination that the petition is sufficient to be "delivered to, and accepted by, the clerk of the court." See MCR 3.903(A)(20) (defining "Petition authorized to be filed") and MCR 3.903(A)(9) (defining when a petition is deemed "filed"). Referring the matter to "alternative services" does not include granting the only relief sought by the petition. Although the Court of Appeals was aware that a medical examination "was the sole focus of the petition and the only demand sought by petitioner," it concluded that the circuit court was in "compliance" with MCR 3.962(B)(2) and (3) when it ordered the medical examination without a trial on the petition. The Court of Appeals erred in concluding that the preliminary inquiry procedure provided authority for granting the relief sought by the petition without a trial pursuant to MCR 3.972 and MCL 712A.17. Accordingly, we

REVERSE the judgment of Court of Appeals and REMAND this case to the Wayne Circuit Court – Family Division for further proceedings consistent with this order.

We do not retain jurisdiction.

CAVANAGH, J., would deny leave to appeal.

KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 4, 2008

_____
Clerk

p0401