*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* KNK, Minor.

FOR PUBLICATION
October 07, 2024
10:45 AM

No. 370841
Lapeer Circuit Court
Family Division
LC No. 2024-013195-NA

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

K. F. KELLY, J.

Petitioner, the Department of Health and Human Services ("DHHS"), appeals by right the trial court's stipulated order closing the case. On appeal, petitioner challenges an earlier order entered by the trial court in which the court declined to authorize a petition for child protective proceedings concerning respondent and his minor child, KK. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Respondent is the father of two children, KK and MK.[1] In March 2024, petitioner filed a petition for child protective proceedings requesting that the trial court take jurisdiction over KK under MCL 712A.2(b)(1) and (2), and enter an order removing respondent from the home and placing KK in mother's care. The petition alleged that respondent surveilled KK while she was unclothed by using his cell phone to take photos or videos of KK while she was showering; it also alleged that respondent surveilled MK while MK was a minor. The petition further alleged that respondent inappropriately touched MK on numerous occasions while MK was a minor.

A preliminary hearing was subsequently held. Jerry Whaley, from Children's Protective Services ("CPS"), testified for petitioner that on March 8, 2024, KK was forensically interviewed

---

[1] MK was an adult at the time the instant petition was filed; thus, MK was not subject to the petition below.

at the Child Advocacy Center. During the interview, KK disclosed the allegations contained in the petition about respondent's inappropriate behavior. Mother testified that before the instant petition was filed, she removed respondent from the family home. In addition, as a result of KK's and MK's allegations, Whaley stated that respondent was criminally charged with two counts of second-degree criminal sexual conduct ("CSC-II"), MCL 750.520c(1)(b), one count of assault with intent to commit second-degree criminal sexual conduct ("AWICSC-II"), MCL 750.520g(2), and two counts of surveilling an unclothed person, MCL 750.539j. Respondent was arraigned on the criminal charges before petitioner filed the petition. The conditions of respondent's bond included a no-contact order between himself and KK, and a requirement that respondent wear a GPS tether. There were no allegations by DHHS that mother failed to protect KK or that KK's needs were not being met.

After the presentation of evidence, the trial court found that there was probable cause to believe that the allegations in the petition were true and supported an exercise of jurisdiction under MCL 712A.2(b)(2). The trial court found that respondent had been removed from the home and KK was protected from the risk of harm by the no-contact order entered in respondent's criminal case. Thus, although the court found there was probable cause, it also found that there was no need for the court's involvement at the time the petition was filed, and if the need arose at a later time, the trial court could conduct a hearing and act immediately. The trial court, therefore, declined to authorize the petition, stating:

> I'm satisfied that [KK] is protected under [the no-contact order], so I'm not clear what issuing another order is going to accomplish. The Court has to consider the Court's resources. We don't have endless time and endless resources. And I am more than willing to err on the side of caution to protect a child, particularly in these types of situations. But I don't see what we're going to be accomplishing by authorizing a petition.

After the court entered a written order reflecting its decision, petitioner moved for reconsideration of the order, arguing that the trial court palpably erred by declining to authorize the petition because the trial court's finding that the no-contact order and respondent's removal from the home obviated the risk of substantial harm to KK was clearly erroneous. The trial court thereafter entered an order denying petitioner's motion for reconsideration, stating:

> The Court found that the non-respondent mother was protecting the child and meeting her needs. The Court found that criminal charges had been brought against [respondent] in the Lapeer District Court and that a no[-]contact order was in effect through the District Court[,] stating[,] "[N]o contact with victims." The Court found that because there was no threat to the child, the child's needs were being met with a removal of [respondent] and the home environment was fit, that it was not necessary or appropriate for the Court to take jurisdiction.

A stipulated order closing the case was subsequently entered. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court has discretion to dismiss or authorize a petition for child protective proceedings following a preliminary hearing. MCR 3.965(B)(12).[2] This Court, therefore, reviews a trial court's decision to dismiss or authorize a petition following a preliminary hearing for an abuse of discretion. See *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or when it makes an error of law. *In re Nikooyi*, 341 Mich App 490, 494; 991 NW2d 619 (2022). This Court reviews for clear error a trial court's findings of fact underlying the legal issues. *In re McCarrick/Lamoreaux*, 307 Mich App 436, 463; 861 NW2d 303 (2014). A finding of fact is clearly erroneous if, "after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake." *Id*. Lastly, this Court reviews the interpretation and application of statutes and court rules de novo. *In re Nikooyi*, 341 Mich App at 494.

III. ANALYSIS

Petitioner first argues that the trial court abused its discretion by declining to authorize the petition despite finding probable cause that the allegations in the petition are true and support the statutory provisions for jurisdiction. We disagree.

"Child protective proceedings are initiated when a petition is filed in the trial court that contains facts constituting an offense against a child under MCL 712A.2(b) of the juvenile code . . . ." *In re Long*, 326 Mich App 455, 459; 927 NW2d 724 (2018). When the trial court receives a petition for child protective proceedings, it must determine whether to authorize the petition by conducting either a preliminary hearing, MCR 3.965(B)(12), or a preliminary inquiry, MCR 3.962(A). When a petition requests placement of the child and the child has been taken into protective custody, the trial court must conduct a preliminary hearing to determine "whether to authorize the filing of the petition and, if authorized, whether the child should remain in the home, be returned home, or be placed in foster care pending trial." MCR 3.965(A)(1) and (B)(12). When a petition does not request placement of the child and the child is not in temporary custody, the trial court may conduct a preliminary inquiry "to determine whether the interests of the public or the juvenile require that further action be taken." MCL 712A.11(1); MCR 3.962(A).

By authorizing a petition, a trial court grants permission "to proceed with placement [of the petition] on the formal calendar. Until a petition is authorized, it remains on the informal calendar." MCR 3.903(A)(21).[3] "Granting permission to file the petition is merely a

---

[2] The Michigan Supreme Court adopted amendments to MCR 3.965, effective April 11, 2024. Administrative Order No. 2023-11, ___ Mich ___ (2024). The amendments do not alter the provisions of MCR 3.965 relevant to the issue on appeal. Citations and references to MCR 3.965 in this opinion refer to the version in effect at the time of the trial court's March 15, 2024 order declining to authorize the petition for child protective proceedings.

[3] MCR 3.903 was also amended effective April 11, 2024, by Administrative Order No. 2023-11, ___ Mich at ___. The amendments do not alter the provisions of MCR 3.903 relevant to the issue on appeal. Citations and references to MCR 3.903 in this opinion refer to the version in effect at the time of the trial court's March 15, 2024 order declining to authorize the petition for child protective proceedings.

determination that the petition is sufficient to be delivered to, and accepted by, the clerk of the court." *In re Kyle*, 480 Mich 1151; 746 NW2d 302 (2008). Under MCL 712A.13a(2), a trial court may authorize a petition for child protective proceedings after a preliminary hearing or inquiry "upon a showing of probable cause that 1 or more of the allegations in the petition are true and fall within the provisions of [MCL 712A.2(b)]." MCL 712A.2(b)(1) and (2) permit a trial court to exercise jurisdiction over a minor:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship . . . .

> \* \* \*

> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. [*In re Kellogg*, 331 Mich App 249, 253-254; 952 NW2d 544 (2020), quoting MCL 712A.2(b)(1) and (2).]

"To determine whether jurisdiction exists, the trial court must examine the child's situation at the time the petition was filed because MCL 712A.2(b) speaks in the present tense." *In re Leach*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 362618 and 362621), slip op at 3 (quotation marks and citation omitted). When a trial court authorizes a petition for child protective proceedings, the matter proceeds to the adjudicative phase. *In re Nikooyi*, 341 Mich App at 496. When a trial court declines to authorize the petition, the petition is dismissed. *In re Leach*, ___ Mich App at ___; slip op at 2.

As an initial matter, there is a conflict between the trial court's oral and written findings as to whether the allegations supported the statutory provisions for jurisdiction. Though the trial court orally found that the allegations in the petition supported an exercise of jurisdiction under MCL 712A.2(b)(2), the findings of fact contained in the order denying petitioner's motion for reconsideration contradict the trial court's oral finding. In the order denying the motion for reconsideration, the trial court summarized its findings as follows:

> The Court found that the non-respondent mother was protecting the child and meeting her needs. The Court found that criminal charges had been brought against [respondent] in the Lapeer District Court and that a no[-]contact order was in effect through the District Court[,] stating[,] "[N]o contact with victims." The Court found that because there was no threat to the child, the child's needs were being met with a removal of [respondent] and the home environment was fit, that it was not necessary or appropriate for the Court to take jurisdiction.

Thus, although the trial court initially stated that the allegations supported the exercise of jurisdiction under MCL 712A.2(b)(2), the trial court found in its subsequent written order that KK's home environment was fit, i.e., that KK's home was not "an unfit place for the juvenile to

-4-

live in," MCL 712A.2(b)(2). "[A] court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). To the extent that the trial court's oral findings and subsequent written findings conflict, the written findings control. *Cassidy v Cassidy*, 318 Mich App 463, 509; 899 NW2d 65 (2017). Accordingly, contrary to petitioner's assertion on appeal, the trial court found that the allegations in the petition did not support the statutory provisions for jurisdiction.

But even if the trial court had found that the allegations in the petition supported an exercise of jurisdiction under MCL 712A.2(b), the trial court did not abuse its discretion by declining to authorize the petition. Relying on *In re AMB*, 248 Mich App 144, 168; 640 NW2d 262 (2001), petitioner argues that a trial court's finding of probable cause to believe the allegations in the petition are true and fall within the jurisdictional provisions of MCL 712A.2(b) justifies a trial court's authorization of a petition. But justifying authorization of a petition is not the same as mandating authorization of a petition. MCL 712A.13a(2) states that a trial court "*may* authorize the petition upon a showing of probable cause" that the allegations in the petition are true and fall within the statutory provisions for jurisdiction. MCL 712A.13a(2) (emphasis added). The Legislature's use of the word "may" signifies that it intended to permit, but not require, a trial court to authorize a petition upon a finding of probable cause that the allegations are true and fall within the statutory provisions for jurisdiction. See *Old Kent Bank v Kal Kustom, Enterprises*, 255 Mich App 524, 532; 660 NW2d 384 (2003) (holding that the use of the word "may" designates discretion). The language of the statute indicates the Legislature contemplated that there would be circumstances in which a trial court could find probable cause to believe that the allegations in the petition are true and fall within the statutory provisions for jurisdiction but nonetheless decline to authorize the petition.

The trial court declined to authorize the petition because, as a result of the no-contact order and respondent's removal from the home, there was no risk of harm to KK, her needs were being met in mother's care, and the home environment was fit and suitable for her. Thus, the trial court found that it was "not necessary or appropriate" to take jurisdiction over KK. Relying on *In re Ramsey*, 229 Mich App 310; 581 NW2d 291 (1998), petitioner contends that the trial court clearly erred because neither the existence of a no-contact order, nor the fact that a child is in the custody of a fit parent, affects the trial court's ability to exercise jurisdiction over the child. In *Ramsey*, the respondent attempted to kill himself and his child, and was subsequently convicted of second-degree child abuse and sentenced to prison. A petition was thereafter filed to terminate respondent's parental rights, and the trial court dismissed the petition after a hearing, finding that the child did not come within the court's jurisdiction because the risk of harm to the child was obviated by respondent's incarceration and the fact that the child was in her mother's custody. *Id*. at 311-313. DHHS appealed, and this Court held that the trial court clearly erred by declining to exercise jurisdiction over the child, explaining:

> For this Court to find, as the probate court did, that a father who attempted to kill his 1 ½-year-old daughter does not present a 'substantial risk of harm' to the child sufficient to invoke the jurisdiction of the probate court would completely contravene the Legislature's intent in providing for the termination of parental rights. Where, as here, a parent attempted to kill his child, purportedly because he loved her, there most certainly will be some negative effect on the child's mental well-being. The fact that respondent was serving a prison sentence when the

petition to terminate his parental rights was filed does not eliminate the mental and emotional effect on the child of his violent conduct. [*Id*. at 315.]

Thus, we held that a respondent's incarceration, combined with the child's safe placement in the custody of another parent, does not obviate the risk of mental or emotional harm to a child victimized by the incarcerated respondent.

But the Court in *Leach* recognized that *Ramsey* does not "set forth a bright-line rule requiring a finding of a substantial risk of harm to the child's mental well-being anytime the respondent is charged with violent conduct against the child." *In re Leach*, ___ Mich App at ___; slip op at 4. In *Leach*, the respondent was charged with first-degree child abuse after the child sustained injuries attributed to the respondent violently shaking the child. DHHS thereafter filed a petition requesting that the trial court take jurisdiction over the respondent's minor children under MCL 712A.2(b)(1). At the time the petition was filed, the respondent was incarcerated pending trial and the respondent's children were living in a safe home with their mother. The trial court found that the respondent's incarceration, and the children's safe residence with their mother, eliminated the potential risk of harm to the children, and declined to authorize the petition. *Id*. at ___; slip op at 1-2. The petitioner appealed, arguing that the trial court erred in finding that there was no risk of harm to the children as a result of respondent's incarceration.

This Court held that "the fact of incarceration, plus the child's safe placement with another parent, does not eliminate the possibility of mental or emotional harm to a child victimized by the incarcerated parent." *Id*. at ___; slip op at 4. This Court nonetheless affirmed the trial court's dismissal of the petition because the petition did not allege "any factual allegations that either child—at the time the petition was filed—faced a 'substantial risk to his or her *mental* well-being,' " nor did the petitioner present evidence demonstrating such a risk. *Id*., quoting MCL 712A.2(b)(1). We stated we could not conclude that the trial court abused its discretion by declining to authorize the petition "[w]ithout any allegations about existing mental or emotional harm, or the substantial risk of that harm arising." *Id*. at 5.

Similarly here, the trial court did not abuse its discretion when it found that it was not necessary or appropriate to exercise jurisdiction over KK. Petitioner correctly asserts that, under *Ramsey*, the no-contact order and respondent's removal from the family home do not eliminate the risk of harm to KK. But in *Leach*, we recognized that the mere fact that a parent is charged with criminal conduct against a child does not require a finding that the child is at a substantial risk of harm within the meaning of MCL 712A.2(b)(1). The petition alleged that respondent's criminality or depravity rendered the home unfit for KK and leaving KK in the home placed KK at a substantial risk of harm, but the petition did not request the removal of KK from the home; instead, it sought an order removing respondent from the home and placing the child in mother's care and custody. The evidence presented at the preliminary hearing established that, before the petition was filed, mother removed respondent from the home and respondent was arraigned on the criminal charges. Respondent's bond conditions included a no-contact order between respondent and KK, and a requirement that he wear a GPS tether. The evidence further established that mother was appropriate in her protection of KK and all of KK's needs were being met by mother. As was the case in *Leach*, petitioner did not present any evidence establishing that, at the time the petition was filed, KK was at a substantial risk of harm within the meaning of MCL 712A.2(b)(1), nor did petitioner present evidence demonstrating existing mental or emotional harm, or the substantial

risk of that harm arising. Likewise, petitioner did not present any evidence establishing that KK was residing in an unfit home within the meaning of MCL 712A.2(b)(2). The trial court, therefore, did not clearly err by finding that it was not necessary or appropriate to take jurisdiction over KK, and declining to authorize the petition on that basis.

Petitioner next contends that the trial court clearly erred by finding that the no-contact order rectified the unfit home created by respondent because, in so finding, the trial court failed to consider KK's mental health needs or the resources available to KK and mother. This argument is unpersuasive. The petition alleged that KK expressed suicidal thoughts "because of the feelings she was having related to her disclosure," and mother agreed to immediately take KK for a mental health assessment as part of a safety plan. At the preliminary hearing, however, petitioner presented no evidence related to the status of the mental health assessment, nor any evidence indicating that KK's mental health needs were not sufficiently addressed by the safety plan. Nor did petitioner identify any resources KK or mother needed that could only be provided upon authorization of the petition. Though petitioner argues that "the preliminary hearing contained no testimony for the family court to find that[,] with the father's removal[,] the [child's] needs are met," Whaley testified that all of KK's needs were being met in mother's care, and DHHS recommended that the trial court enter an order continuing KK's placement with mother. From this testimony, the trial court could infer that there was no existing mental or emotional harm nor was there a substantial risk of that harm arising. Petitioner, therefore, has not established that the trial court abused its discretion by failing to consider KK's mental health needs or the resources available to KK and mother.

Petitioner also argues that the trial court erred by considering the court's resources in declining to authorize the petition because, according to petitioner, there is no authority providing that a trial court may consider its judicial resources when deciding whether to authorize a petition for child protective proceedings. We disagree.

At the conclusion of the preliminary hearing, the trial court noted that it had to consider the court's judicial resources and had to be sensitive to the costs to the taxpayers in determining whether it was necessary to authorize the petition. In the order denying petitioner's motion for reconsideration, however, the trial court noted that its "comments regarding resources were only comments and not the basis of the decision." Because "a court speaks through its written orders and judgments, not through its oral pronouncements," *Henry*, 282 Mich App at 678, petitioner has not established that the trial court considered its judicial resources in determining whether to authorize the petition.

Lastly, petitioner argues that it will be required to file another petition for child protective proceedings once respondent is bound over to the circuit court in the criminal proceedings. Petitioner contends that because the conduct for which respondent is criminally charged provides a basis for termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), the trial court abused its discretion by declining to authorize the petition alleging the same conduct.

According to petitioner, under MCL 722.628a, the prosecutor in respondent's criminal case must notify petitioner if respondent is bound over to circuit court because respondent is charged with CSC-II and AWICSC-II. Thus, petitioner asserts, it will be required to refile the instant petition if respondent is bound over. MCL 722.628a states, in relevant part:

(1) If an individual is bound over to circuit court for any of the following crimes, the prosecuting attorney shall execute the notices as prescribed by subsections (2) to (5):

(a) Criminal sexual conduct in the first, second, or third degree . . . .

(b) Assault with intent to commit criminal sexual conduct . . . .

* * *

(2) If the individual is an employee of a nonpublic school . . . , the prosecuting attorney shall notify the governing body of the nonpublic school.

(3) If the individual is an employee of a school district or intermediate school district, the prosecuting attorney shall notify the superintendent of the school district or intermediate school district.

(4) If the individual is an employee of the department who provides a service to children and youth . . . , the prosecuting attorney shall notify the county director of social services or the superintendent of the training school.

(5) If the individual is a child care provider, the prosecuting attorney shall notify the department, the owner or operator of the child care provider's child care organization or adult foster care location authorized to care for a child, and the child care regulatory agency with authority over that child care organization or adult foster care location authorized to care for a child.  [MCL 722.628a(1)-(5).]

Petitioner neither alleged nor presented evidence establishing that respondent is an employee of a nonpublic school, a school district, a department who provides a service to children and youth, or a child care provider.  Accordingly, we fail to see how MCL 722.628a is applicable to the instant case.  Accordingly, petitioner has not established that it will have to file another petition for child protective proceedings concerning KK if respondent is bound over to circuit court.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett

-8-